EDMUNDS, Justice.
Defendant, a juvenile, asked to telephone his mother while undergoing custodial questioning by police investigators. The call was allowed, after which the interrogation continued. The trial court denied defendant’s motion to suppress the statements he made following the call. We conclude that defendant’s request to call his mother was not a clear invocation of his right to consult a parent or guardian before proceeding with the questioning. Accordingly, we reverse the decision of the Court of Appeals that reversed the trial court’s order denying the motion to suppress.
After several homes around Charlotte were broken into on 17 and 18 December 2012, Charlotte-Mecklenburg Police arrested defendant on 9 January 2013. At the time, defendant was sixteen and one-half years old. The arresting officers took defendant to a local police station where Detective Kelly (Kelly) interrogated him. Before beginning her interrogation, Kelly provided defendant with both English and Spanish versions of the Juvenile Waiver of Rights Form routinely used by the Charlotte-Mecklenburg Police Department to explain the protections afforded juveniles under N.C.G.S. § 7B-2101. These forms advised defendant that he had the right to remain silent; that anything he said could be used against him; that he had the right to have a parent, guardian, or custodian present during the interview; that he had the right to speak to a lawyer and to have a lawyer present to help him during questioning; and that a lawyer would be provided at no cost prior to questioning if he so desired. Kelly also read these rights in English to defendant, pausing after each to ask if defendant understood. Defendant *403 initialed the English form beside each enumerated right and the section that noted:
I am 14 years old or more and I understand mv rights as explained bv Officer/Detective Kelv fsic~|. I DO wish to answer questions now. WITHOUT a lawyer, parent, guardian. or custodian here with me. My decision to answer questions now is made freely and is my own choice. No one has threatened me in any way or promised me special treatment. Because I have decided to answer questions now, I am signing my name below.
The words “I DO wish to answer questions now” on the form are circled. Only after defendant signed the form did Detective Kelly begin the interrogation.
Kelly had gone no further than noting the time and date for the audio recording when defendant asked, “Um, can I call my mom?” Detective Kelly offered her cellular telephone to defendant and allowed him to step out of the booking room to make the call. Detective Kelly could hear defendant but was not sure if he placed one call or two. Defendant did not reach his mother but did speak to someone else. However, because defendant spoke Spanish while on the phone, Kelly could not provide any details concerning the nature of the conversation. Upon defendant’s return to the booking area, Kelly resumed her questioning. Defendant did not object and made no further request to contact anyone. During the ensuing interview, defendant confessed that he had been involved in the break-ins.
Defendant was indicted, inter alia, for two counts of felony breaking and entering, conspiracy to commit breaking and entering, and conspiracy to commit common law larceny after breaking and entering. On 9 October 2013, defendant moved to suppress his confession, arguing that it was illegally obtained in violation both of his rights as a juvenile under N.C.G.S. § 7B-2101 and of his rights under the United States Constitution. After conducting an evidentiary hearing, the trial court denied the motion in an order entered on 20 February 2014, finding as facts that defendant was advised of his juvenile rights and, after receiving forms setting out these rights both in English and Spanish and having the rights read to him in English by Kelly, indicated that he understood them. In addition, the trial court found that defendant informed Kelly that he wished to waive his juvenile rights and signed the form memorializing that wish. Although defendant then unsuccessfully sought to contact his mother, the court found:
*404 17. That Defendant did not at that time or any other time indicate that he changed his mind regarding his desire to speak to Detective Kelly. That Defendant did not at that time or any other time indicate that he revoked his waiver.
18. That Defendant only asked to speak to his mother.
19. That Defendant did not make his interview conditional on having his mother present or conditional on speaking to his mother.
20. That Defendant did not ask to have his mother present at the interview site.
21. That, upon review of the totality of the circumstances, the Court finds that Defendant’s request to speak to his mother was at best an ambiguous request to speak to his mother.
22. That at no time did Defendant make an unambiguous request to have his mother present during questioning.
23. That Defendant never indicated that his mother was on the way or could be present during questioning.
24. That Defendant made no request for a delay of questioning.
Based on those findings, the trial court determined that the interview was conducted in a manner consistent with N.C.G.S. § 7B-2101 and did not violate any of defendant’s state or federal rights. The court concluded as a matter of law that the State met its burden of establishing by a preponderance of the evidence that defendant “knowingly, willingly, and understandingly waived his juvenile rights.”
On 4 June 2014, defendant entered pleas of guilty to two counts of felony breaking and entering and two counts of conspiracy to commit breaking and entering, while reserving his right to appeal from the denial of his motion to suppress. The court sentenced defendant to a term of six to seventeen months, suspended for thirty-six months subject to supervised probation.
The Court of Appeals reversed the trial court’s order denying defendant’s motion to suppress, vacated the judgments entered upon defendant’s guilty pleas, and remanded the case to the trial court for further proceedings. State v. Saldierna, _ N.C. App. _, _, 775 S.E.2d *405 326, 334 (2015). The Court of Appeals recognized that the trial court correctly found that defendant’s statement asking to telephone his mother was ambiguous at best. Id. at _, 775 S.E.2d at 331. However, it went on to conclude that, unlike the invocation of Miranda rights by an adult, a juvenile need not make a clear and unequivocal request in order to exercise his or her right to have a parent present during questioning. Id. at _, 775 S.E.2d at 333-34. Instead, the Court of Appeals held that when a juvenile between the ages of fourteen and eighteen[1] makes an ambiguous statement that potentially pertains to the right to have a parent present, an interviewing officer must clarify the juvenile’s meaning before proceeding with questioning. Id. at _, 775 S.E.2d at 334. The Court of Appeals based this distinction on the fact that Miranda rights are rooted in the United States Constitution, while the right to have a parent present during custodial interrogations is an additional statutory protection for juveniles who, by virtue of their age, lack the life experience and judgment of an adult. Id. at _, 775 S.E.2d at 333.
This Court granted the State’s petition for discretionary review. We review an opinion of the Court of Appeals for errors of law. N.C. R. App. P. (16)(a). “The standard of review in evaluating the denial of a motion to suppress is whether competent evidence supports the trial court’s findings of fact and whether the findings of fact support the conclusions of law.” State v. Biber, 365 N.C. 162, 167-68, 712 S.E.2d 874, 878 (2011) (citing State v. Brooks, 337 N.C. 132, 140-41, 446 S.E.2d 579, 585 (1994)). Findings of fact are binding on appeal if supported by competent evidence, State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982) (citations omitted), while conclusions of law are reviewed de novo, State v. Ortiz-Zape, 367 N.C. 1, 5, 743 S.E.2d 156, 159 (2013) (citing Biber, 365 N.C. at 168, 712 S.E.2d at 878), cert. denied, _ U.S. _, 134 S. Ct. 2660, 189 L. Ed. 2d 208 (2014).
In evaluating whether the trial court correctly denied defendant’s motion to suppress, we first must consider the threshold question of whether defendant invoked his right to have his mother present during the custodial interview. We must also consider whether defendant knowingly and voluntarily waived his rights under section 7B-2101 of the *406 North Carolina General Statutes and under the constitutions of North Carolina and the United States, thus making his confession admissible. We begin with the former inquiry.
The State argues that defendant’s request to call his mother was not an invocation of his right to have a parent present under N.C.G.S. § 7B-2101(a)(3). The State points out that defendant simply asked to call his mother, which the detective readily permitted. He never requested his mother’s presence or indicated that he wished to suspend the interview until he could reach her. The State contends that when a juvenile’s statement is ambiguous, law enforcement officers have no additional duty to ascertain whether the juvenile is invoking his statutory rights or whether they may continue questioning the minor.
In response, defendant argues that, according to the plain language of N.C.G.S. § 7B-2101, the interview should have ceased until defendant spoke with his mother or indicated his desire to proceed without her, even though the precise import of his question to the detective was unclear. Should we disagree with this statutory interpretation, defendant makes an argument under the United States Constitution that we should extend the rationale in J.D.B. v. North Carolina, 564 U.S. 261, 264-65, 131 S. Ct. 2394, 2398-99, 180 L. Ed. 2d 310, 318-19 (2011), which held that the age of a juvenile is a factor in determining whether he or she was in police custody for purposes of Miranda, and hold that reviewing courts must take into account the juvenile’s age and maturity level when determining the admissibility of juvenile confessions.
As to defendant’s statutory argument, N.C.G.S. § 7B-2101(a) establishes that juveniles must be advised of certain rights prior to a custodial interrogation. The statute codifies the juvenile’s Miranda rights and adds the additional protection that the juvenile has the right to have a parent, guardian, or custodian present during questioning. N.C.G.S. § 7B-2101(a) (2015). A statement made during custodial interrogation is admissible only if the juvenile knowingly, willingly, and understandingly has waived his constitutional and statutory rights. Id. § 7B-2101(d) (2015).
This Court has recognized that a juvenile’s statutory right to have a parent present during custodial interrogation is analogous to the constitutional right to counsel and therefore is entitled to the same protection. State v. Smith, 317 N.C. 100, 106, 343 S.E.2d 518, 521 (1986), abrogated inpart on other grounds by State v. Buchanan, 353 N.C. 332, 543 S.E.2d 823 (2001). In Smith, we noted that the Supreme Court of the United States held in Edwards v. Arizona, 451 U.S. 477, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981), that after a defendant expresses a desire to deal with *407 police only through counsel, he or she may not be questioned further until counsel is present or the defendant reinitiates communication with law enforcement. 317 N.C. at 106, 343 S.E.2d at 521. This Court in Smith applied that same principle in the context of juvenile law to hold that, when a juvenile unambiguously requested that his mother be brought to the police station, officers were required to cease all questioning until the mother arrived or the juvenile reinitiated discussions. Id. at 107, 343 S.E.2d at 522. These cases leave no doubt that a juvenile’s constitutional rights under Miranda and statutory rights under N.C.G.S. § 7B-2101(a) are of equal weight and given equal consideration.
Nevertheless, the Supreme Court of the United States also has held that, when an individual under interrogation mentions an attorney with such vagueness that law enforcement investigators are left unsure whether the comment is an invocation of the right to counsel, police have no duty to ask clarifying questions and may continue with the interrogation. Davis v. United States, 512 U.S. 452, 459, 114 S. Ct. 2350, 2355, 129 L. Ed. 2d 362, 371 (1994) (holding that invocation of the right to counsel “requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney” (quoting McNeil v. Wisconsin, 501 U.S. 171, 178, 111 S. Ct. 2204, 2209, 115 L. Ed. 2d 158, 169 (1991))). In other words, the objective test set out in Davis considers whether a reasonable officer under the circumstances would have understood the defendant’s statement to be an invocation of his or her right to have an attorney present. Davis, id. at 459, 114 S. Ct. at 2355, 129 L. Ed. 2d at 371.
This Court has adopted the analytical framework found in Davis when determining whether a defendant has invoked his or her constitutional rights. For instance, in State v. Boggess, 358 N.C. 676, 600 S.E.2d 453 (2004), we held that the defendant’s statement to police that “[i]f y’all going to treat me this way, then I probably would want a lawyer” did not constitute an invocation of the defendant’s right to an attorney. Id. at 687, 600 S.E.2d at 460; see also State v. Hyatt, 355 N.C. 642, 655-56, 566 S.E.2d 61, 70-71 (2002) (holding that the defendant did not invoke his right to counsel when a nearby officer “could have heard” the defendant whisper to his father that “I want you to get me a lawyer”), cert. denied, 537 U.S. 1133, 123 S. Ct. 916, 154 L. Ed. 2d 823 (2003). Similarly, in State v. Waring, 364 N.C. 443, 701 S.E.2d 615 (2010), cert. denied, 565 U.S. 832, 132 S. Ct. 132, 181 L. Ed. 2d 53 (2011), we held that the defendant’s statement that he “was not going to snitch” when questioned about his accomplice’s name was not an unambiguous invocation of his right to remain silent. Id. at 473, 701 S.E.2d at 635.
*408 We have also applied Davis when the suspect under interrogation is a juvenile. State v. Golphin, 352 N.C. 364, 533 S.E.2d 168 (2000), cert. denied, 532 U.S. 931, 121 S. Ct. 1379, 149 L. Ed. 2d 305 (2001). In Golphin, the juvenile defendant was apprehended after he and his brother committed an armed robbery, stole a vehicle, and murdered two police officers. Id. at 380, 386-87, 533 S.E.2d at 183, 187. After he was detained, the defendant waived his juvenile rights under section 7B-2101 and gave a statement to an agent of the State Bureau of Investigation. Id. at 449, 533 S.E.2d at 224. When the agent specifically asked the defendant whether he was aware of an incident involving a Jeep, the defendant responded that “he didn’t want to say anything about the [JJeep. He did not know who it was or he would have told us.” Id. at 451, 533 S.E.2d at 225. Upon further questioning, however, the defendant admitted that his brother shot at a Jeep that was following them. Id. at 387, 449, 533 S.E.2d at 187, 224.
On appeal, the defendant argued that the agent violated his constitutional right to silence by continuing to question him after he requested not to discuss the Jeep. Id. at 448-49, 533 S.E.2d at 224. In rejecting the defendant’s argument, we applied the Davis analysis and concluded that the defendant’s statement was not an unambiguous request to remain silent. Id. at 450-51, 533 S.E.2d at 225. Instead, the statement appeared to be an acknowledgment that, had he known who was involved, the defendant would have shared that information freely. Id. at 451, 533 S.E.2d at 225. As a result, it was reasonable for the agent to continue the questioning because the defendant failed clearly to invoke any of his rights. Id. at 451-52, 533 S.E.2d at 225. In reaching this conclusion, we confirmed both that the Davis analysis applies when evaluating whether a juvenile defendant has invoked his or her juvenile rights during a custodial interrogation and that law enforcement officers are not required to seek clarification of ambiguous statements made by juvenile defendants under interrogation. See id. at 451, 533 S.E.2d at 225.
Because a juvenile’s statutory right to have a parent or guardian present during questioning is entitled to the same protection as the constitutional right to counsel, we must apply Davis in determining whether defendant’s statement—“Um, can I call my mom?”—was a clear and unambiguous invocation of his right to have his parent or guardian present during questioning. We conclude that it was not.
Although defendant asked to call his mother, he never gave any indication that he wanted to have her present for his interrogation, nor did he condition his interview on first speaking with her. Instead, defendant simply asked to call her. When the request was made, Kelly immediately *409 loaned defendant her personal cellular telephone so that he could make the call. Defendant’s purpose for making the call was never established. Whatever his reasons, defendant did not “articulate his desire to have [a parent] present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for [a parent],” especially in light of the fact that defendant had just signed the portion of the juvenile rights form expressing his desire to proceed on his own. Davis, 512 U.S. at 459, 114 S. Ct. at 2355, 129 L. Ed. 2d at 371. As the trial court pointed out, defendant’s statement was at best an ambiguous invocation of his right to have his mother present. As in Davis, without an unambiguous, unequivocal invocation of defendant’s right under N.C.G.S. § 7B-2101(a)(3), law enforcement officers had no duty to ask clarifying questions or to cease questioning. Because defendant’s juvenile statutory rights were not violated, we reverse the decision of the Court of Appeals to the contrary.
Nevertheless, the admissibility of defendant’s confession is a two-pronged inquiry, as noted above. Even though we have determined that defendant’s N.C.G.S. § 7B~2101(a)(3) right was not violated, defendant’s confession is not admissible unless he knowingly, willingly, and understandingly waived his rights. N.C.G.S. § 7B-2101(d). The Court of Appeals did not reach this question and instead erroneously resolved the case upon the first prong. Saldierna, _ N.C. App. at _, 775 S.E.2d at 334. Because we have concluded that defendant’s right under subdivision 7B-2101(a)(3) was not violated, we remand this case to the Court of Appeals for consideration of the validity of defendant’s waiver of his statutory and constitutional rights.
REVERSED AND REMANDED.

. Before 2015, the pertinent part of the statute read: “When the juvenile is less than 14 years of age, no in-custody admission or confession resulting from interrogation may be admitted into evidence unless the confession or admission was made in the presence of the juvenile’s parent, guardian, custodian, or attorney.” N.C.G.S. § 7B-2101(b) (2013). In 2015, the General Assembly amended subsection 7B-2101(b) to raise the relevant age limit to “less than 16 years of age.” Act of May 26,2015, ch. 58, sec. 1.1, 2015 N.C. Sess. Laws 126,126.