STATE OF NORTH CAROLINA v. BENZION BIBER

No. 423A10

(Filed 16 June 2011)

**Search and Seizure— motion to suppress drugs—search of motel room—probable cause**

The trial court did not err in a felonious possession of cocaine case by denying defendant's motion to suppress evidence found while searching a motel room. Under the circumstances of this case, the officers could have reasonably believed that the suspected drugs hidden in the bathroom belonged to the person who had claimed the room as his own and that he intended to exercise control, alone or with others, over the bag of white powder believed to be a controlled substance. The police officers had probable cause to arrest defendant based on the matters witnessed by the officers that reasonably corroborated the information they had received upon being dispatched that people in the motel room were using drugs.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 698 S.E.2d 476 (2010), reversing a judgment entered on 3 October 2008 by Judge

Zoro J. Guice, Jr. in Superior Court, Buncombe County, and ordering a new trial. On 4 November 2010, the Supreme Court allowed the State's petition for discretionary review as to additional issues. Heard in the Supreme Court on 3 May 2011.

> *Roy Cooper, Attorney General, by Derrick C. Mertz, Assistant Attorney General, for the State-appellant.*

> *Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, for defendant-appellee.*

PARKER, Chief Justice.

Defendant was indicted for felonious possession of cocaine, a Schedule II controlled substance under the North Carolina Controlled Substances Act. Prior to trial defendant filed a motion to suppress evidence, alleging that (i) Asheville Police officers violated his constitutional rights by searching the motel room in which he and others were present without consent and without a search warrant and (ii) the officers lacked probable cause to arrest him for possession of an alleged controlled substance. After receiving evidence and arguments of counsel at the hearing on defendant's motion to suppress, the trial court denied the motion, making findings of fact and conclusions of law from the bench, which were reduced to writing in an order entered on 14 November 2008. Before court adjourned, defendant entered a guilty plea to possession of a Schedule II controlled substance, while reserving his right to appeal the trial court's denial of the motion to suppress. Defendant was sentenced to six to eight months' imprisonment, suspended for twenty-four months with supervised probation for the first twelve months and unsupervised probation for the remainder of the suspension, provided all conditions of probation were satisfied. Defendant gave timely notice of appeal to the Court of Appeals.

Based on the uncontroverted evidence presented by the State at the suppression hearing, the trial court made the following findings of fact. On or about 8 September 2007, Sharon Hensley rented Room 312 at a Motel 6 in Asheville, North Carolina. When Hensley checked in, she disclosed that she and one other person would be occupying the room. The motel clerk did not obtain any information regarding the identity of the other person. Cheryl Harvin was a general manager of the motel and lived on the premises.

On the morning of 9 September 2007, Hensley came to Harvin and reported that people were doing drugs in her room and that people

were in her room whom she did not want to be there. Hensley asked Harvin to check the room. In response to Hensley's complaint, Harvin contacted the Asheville Police Department and relayed that Hensley had complained about people being in her room who were involved in drug activity. Officers Alan Presnell and Michelle Spinda responded to the dispatcher's call to go to the motel.

After meeting with Harvin at the motel office, the officers followed Harvin to Room 312. Harvin knocked on the door. The door was then opened, and Harvin saw defendant Benzion Biber standing near the doorway or close to the door. Harvin also saw two other people in the room. These two individuals were females who were later identified as Tammy Meadows and Candice Moose. Hensley was not in the room, and Harvin did not recognize any of these people. Harvin had a conversation with defendant. After Harvin's conversation with defendant, the officers appeared behind her at the motel room door. There was then additional activity in the room with the individuals moving around. Neither Officer Presnell nor Officer Spinda heard the conversation between Harvin and defendant. After the door was opened, no one told Harvin or the police that they could not come into the room. Through the open doorway, both officers could see two females inside the room. Officer Spinda noticed that one of the women was seated on a bed, holding a glass pipe in her hand by her side. Both officers observed this female rise quickly from the bed, run into the bathroom, and close the door. Officer Spinda went to the bathroom door and asked the female to come out. Before the female complied, Officer Spinda heard the toilet flush. When the female emerged, Officer Spinda had her sit on the bed. Officer Spinda then went into the bathroom, where she saw a single edge razor blade in the toilet. Upon doing a more thorough search of the bathroom, Officer Spinda found a clear plastic bag in the light fixture. The plastic bag contained a white powder which Officer Spinda believed, based on her years of experience as a police officer and her prior experience with other defendants involved in drug activity, to be cocaine or methamphetamine. Officer Spinda also found a brown box in the bathroom. Other items of drug paraphernalia were found in the room and on the persons of the two females. A bag containing male clothing was also found in the room, and defendant stated the bag was his.

After the female ran into the bathroom, Officer Presnell saw a push rod used for crack cocaine and burn screens on the bed where the female had been seated. These items were lying in plain view

when Officer Presnell stepped to the open door. Based on his experience as a police officer and prior involvement with drug activity, Officer Presnell recognized these items as being consistent with the use of controlled substances. At the time Officer Presnell observed these items, he had not entered the motel room but saw them through the door that had been opened in response to Harvin's knock.

While Officer Spinda tried to make contact with the female in the bathroom, Officer Presnell monitored defendant and the remaining female. Defendant insisted on continuing to walk around the room, and Officer Presnell told defendant to have a seat on the bed. At one point defendant stood up quickly and the officers drew their weapons. Once the three individuals were seated, Officer Presnell began a preliminary investigation to determine why the female ran, what they were doing there, who rented the room, and other facts. During this investigation defendant stated that the room was his. Officer Presnell observed that the package Officer Spinda retrieved from the bathroom was a clear plastic bag containing a white powder or substance that Officer Presnell believed was consistent with cocaine or methamphetamine. All three of the individuals were arrested for possession of a controlled substance and then taken to the Buncombe County jail. Officer Presnell transported defendant, and Officer Spinda transported the two females.

Upon reaching the jail's sally port, Officer Presnell informed defendant that if he had any controlled substances on his person, he needed to tell Officer Presnell, advising that charges more serious than mere possession would result if defendant were found to have brought contraband into the detention center. As he exited the patrol vehicle, defendant indicated he had something to give Officer Presnell and then handed what appeared to be two rocks of crack cocaine to the officer. When Officer Presnell asked defendant what this substance was, defendant identified it as "crack rocks."

Authorities tested the white powder found in the Motel 6 bathroom and determined that it did not contain any controlled substances. Analysis revealed that the two suspected crack rocks were cocaine.

Based on these findings, the trial court concluded that the two Asheville police officers had probable cause to enter the motel room and conduct a further investigation and search of the room, that defendant lacked standing to complain of the search at issue, and that none of defendant's constitutional rights were violated. The trial court then denied defendant's motion to suppress.

STATE v. BIBER

[365 N.C. 162 (2011)]

In his appeal to the Court of Appeals, defendant's sole argument was that the trial court's ruling on his suppression motion was erroneous in that the officers lacked probable cause to arrest him for constructive possession of the powdery substance found in the motel room. Thus, defendant argued, evidence of the "crack rocks," which defendant surrendered to Officer Presnell and for which defendant was convicted, should be excluded as the fruit of an unlawful seizure pursuant to *Mapp v. Ohio*, 367 U.S. 643, 6 L. Ed. 2d 1081 (1961). In support of this assertion, defendant cited six cases in which this Court found the evidence to be sufficient to convict those defendants for constructive possession of controlled substances. The Court of Appeals agreed.

In a divided opinion, the Court of Appeals reversed, holding that the trial court erred in denying defendant's motion to suppress. *State v. Biber*, —— N.C. App. ——, ——, ——, 698 S.E.2d 476, 480, 484 (2010). Judge Steelman dissented, concluding that because the trial court made no findings of fact or conclusions of law on the issue of probable cause to arrest, raised in defendant's motion to suppress, the Court of Appeals should remand the case to the trial court for entry of an order containing findings of fact and conclusions of law on that issue. *Id.* at ——, 698 S.E.2d at 485 (Steelman, J., dissenting).

The State appealed to this Court as of right based on Judge Steelman's dissent and also petitioned this Court for discretionary review on the issues of (i) whether the trial court's findings of fact supported probable cause to arrest defendant for possession of a controlled substance and (ii) whether the majority utilized an incorrect evidentiary standard to determine probable cause. We granted review on 4 November 2010, and now reverse.

On discretionary review before this Court, the State argues that the Court of Appeals applied the wrong legal analysis in addressing the trial court's ruling. We agree.

After reciting the substantive evidentiary requirements for a constructive possession conviction, the Court of Appeals majority stated:

> In the present case, the trial court failed to make any findings of fact or conclusions of law concerning Defendant's "intent and capability to maintain control and dominion over" the white powder found in the bathroom light fixture. As intent and capability to maintain control and dominion are elements of constructive possession, the trial court's findings of fact and conclusions of

law fail to support its order denying Defendant's motion to suppress. We reverse the trial court's order for this reason.

*Biber*, —— N.C. App. at ——, 698 S.E.2d at 480 (majority opinion) (citation omitted). Rather than remanding the case to the trial court for additional factual findings and conclusions of law, as the dissenting judge would have done, the Court of Appeals majority granted defendant a new trial, *id.* at ——, 698 S.E.2d at 484, concluding that the evidence presented at the suppression hearing did not support the elements of a constructive possession conviction:

> We hold that there was not competent evidence presented in this case to support the trial court's findings of fact []or its conclusion that Defendant had the requisite intent and capability to maintain control and dominion over the suspected controlled substance. There was no competent evidence of any circumstances indicating that Defendant knew of the presence of the suspected controlled substance located in the bathroom light fixture.

*Id.* at ——, 698 S.E.2d at 484 (citation omitted).

Even though defendant contested only the lack of probable cause for his arrest, the Court of Appeals focused its attention on the elements of constructive possession, treating this case as if defendant had challenged a conviction on grounds of insufficient evidence. The court stated:

> We decline . . . to allow someone *to be convicted of constructive possession* when competent evidence supports neither dominion and control over the location in which the contraband was located, nor that the suspect was ever in close proximity to the recovered contraband (or suspected contraband).

*Id.* at ——, 698 S.E.2d at 484 (emphasis added) (citations omitted). The cases relied on by the Court of Appeals address whether the evidence in those cases was sufficient to withstand a motion to dismiss a charge of constructive possession. *See id.* at ——, 698 S.E.2d at 479–84 (discussing, *inter alia, State v. Miller*, 363 N.C. 96, 678 S.E.2d 592 (2009); *State v. Moore*, 162 N.C. App. 268, 592 S.E.2d 562 (2004); and *State v. Weems*, 31 N.C. App. 569, 230 S.E.2d 193 (1976)).

The standard of review in evaluating the denial of a motion to suppress is whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclu-

sions of law. *State v. Brooks*, 337 N.C. 132, 140–41, 446 S.E.2d 579, 585 (1994). However, when, as here, the trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on appeal. *State v. Baker*, 312 N.C. 34, 37, 320 S.E.2d 670, 673 (1984) (citation omitted). Conclusions of law are reviewed de novo and are subject to full review. *State v. McCollum*, 334 N.C. 208, 237, 433 S.E.2d 144, 160 (1993) (citation omitted), *cert. denied*, 512 U.S. 1254, 129 L. Ed. 2d 895 (1994); *see also State v. Buchanan*, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (citation omitted). "'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

Although the trial court's order denying defendant's motion to suppress contains no explicit findings of fact and conclusions of law as to whether the officers had probable cause to arrest defendant at the motel for possession of a controlled substance, the trial court did conclude that

> none of [defendant's] constitutional rights were violated and that none of the activities and conduct of the members of the Asheville Police Department, of which the defendant complains, violates the defendant's rights under the laws of the State of North Carolina or of the United States or under the constitution of North Carolina or the Constitution of the United States.

In concluding that none of defendant's constitutional rights were violated, the trial court implicitly concluded that the officers had probable cause to arrest defendant. *See, e.g., State ex rel. Utils. Comm'n v. Two Way Radio Serv., Inc.*, 272 N.C. 591, 600, 158 S.E.2d 855, 863 (1968) (inferring an "implied conclusion" from an express conclusion of law made by the fact finder).

Thus, the determinative question before this Court is whether the trial court was correct in implicitly concluding that Officers Presnell and Spinda had probable cause to arrest defendant for possession of a controlled substance.

The law of probable cause is well established. An officer may make a warrantless arrest of any person the officer has probable cause to believe has committed a criminal offense. *See* N.C.G.S. § 15A-401(b) (2009). "Probable cause" is defined as "those facts and

circumstances within an officer's knowledge and of which he had reasonably trustworthy information which are sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *State v. Williams*, 314 N.C. 337, 343, 333 S.E.2d 708, 713 (1985) (citations omitted); *see also Carroll v. United States*, 267 U.S. 132, 162, 69 L. Ed. 543, 555 (1925). The Supreme Court has explained that probable cause "does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required." *Texas v. Brown*, 460 U.S. 730, 742, 75 L. Ed. 2d 502, 514 (1983) (citation and internal quotation marks omitted); *accord State v. Bone*, 354 N.C. 1, 10, 550 S.E.2d 482, 488 (2001), *cert. denied*, 535 U.S. 940, 152 L. Ed. 2d 231 (2002). A probability of illegal activity, rather than a prima facie showing of illegal activity or proof of guilt, is sufficient. *Illinois v. Gates*, 462 U.S. 213, 235, 76 L. Ed. 2d 527, 546 (1983) (citation and internal quotation marks omitted); *see also State v. Harris*, 279 N.C. 307, 311, 182 S.E.2d 364, 367 (1971) ("Probable cause and 'reasonable ground to believe' are substantially equivalent terms."). Importantly, an officer making an arrest "'may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge.'" *Bone*, 354 N.C. at 10, 550 S.E.2d at 488 (quoting *Jones v. United States*, 362 U.S. 257, 269, 4 L. Ed. 2d 697, 707 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 65 L. Ed. 2d 619 (1980)).

In his brief to this Court, defendant argues that "probable cause is 'correlative to what must be proved'" and that "[t]he 'particular offense involved' dictates the quantum of proof necessary," quoting language from *Brinegar v. United States*, 338 U.S. 160, 175, 93 L. Ed. 1879, 1890 (1949), and *Harris*, 279 N.C. at 311, 182 S.E.2d at 367, respectively. Neither of these concepts, however, requires evidence sufficient to support a conviction to satisfy probable cause. To the contrary, the Supreme Court in *Brinegar* was recognizing "the difference in standards and latitude allowed in passing upon the distinct issues of probable cause and guilt." 338 U.S. at 174, 93 L. Ed. at 1889. As we stated in *Harris*: "To establish probable cause *the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt*, but it must be such as would actuate a reasonable man acting in good faith." 279 N.C. at 311, 182 S.E.2d at 367 (emphasis added) (citation and quotation marks omitted).

Under this standard the unchallenged facts found by the trial court at defendant's suppression hearing provide ample support for the conclusion as a matter of law that the police had probable cause to arrest defendant for drug possession. At the outset of their involvement in this case, Officers Presnell and Spinda knew they were being dispatched to the Motel 6 in order to assist its manager, Harvin, in determining whether illegal activities—including drug use—were afoot in Room 312. The officers' initial on-the-scene conversation with Harvin confirmed the possibility of suspicious activities. Everything the officers encountered thereafter, considered cumulatively and in light of defendant's claims, corroborated the information relayed by Harvin.

Among the first things the officers saw when the door to Room 312 opened in response to Harvin's knock was a woman sitting on a bed. A crack pipe and drug paraphernalia were next to her on the bed. This same woman, upon spotting police, fled into the bathroom, ignoring instructions to open the door while she flushed the toilet. A search of the bathroom revealed a bag of what looked like narcotics stashed in the light fixture. During the officers' discovery of this and other potential contraband and drug paraphernalia found in the room and on the two women, defendant ignored instructions to remain still and instead moved about the room. When asked, defendant claimed the room was his and that a bag containing clothing was his. Thus, the officers found themselves confronted with a man who appeared to have brought two women and his own personal belongings into Room 312, where the drug use that was the basis of the complaint to Harvin appeared to be taking place. We conclude that under these circumstances the officers could reasonably believe that the suspected drugs hidden in the bathroom belonged to the person who had claimed the room as his own and that he intended to exercise control, alone or with others, over the bag of white powder believed to be a controlled substance.

In sum, the matters witnessed by Officers Presnell and Spinda "reasonably corroborated" the information they had received upon being dispatched: namely, that people in Room 312 of the Motel 6 were using drugs. *Bone*, 354 N.C. at 10, 550 S.Ed. 2d at 488 (internal quotation marks omitted). Because their observations were such as would "warrant a prudent man in believing that [defendant] had committed or was committing an offense," *Williams*, 314 N.C. at 343, 333 S.E.2d at 713, the police in this case had probable cause to arrest defendant for possession of a controlled substance.

## IN RE J.H.K.

[365 N.C. 171 (2011)]

Conclusions of law are reviewed de novo and are subject to full review. *McCollum*, 334 N.C. at 237, 433 S.E.2d at 160. In this case the Court of Appeals effectively held that the trial court could not conclude that probable cause to arrest defendant for drug possession existed unless the findings of fact in its denial of defendant's motion to suppress were sufficient to support a *conviction* for constructive possession. *See Biber*, —— N.C. App. at ——, ——, 698 S.E.2d at 480, 484. That holding would demand more than the law requires. "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt. And this means *less* than evidence which would justify condemnation or conviction . . . ." *Brinegar*, 338 U.S. at 175, 93 L. Ed. at 1890 (emphasis added) (citations and internal quotation marks omitted). We hold that the trial court's findings of fact supported what was implied by the trial court's explicit conclusion that none of defendant's constitutional rights were violated: namely, that the officers had reasonable grounds to believe defendant was guilty of drug possession and thus had probable cause to arrest him for that crime. For the reasons stated herein, the decision of the Court of Appeals is reversed.

REVERSED.

Justice JACKSON did not participate in the consideration or decision of this case.