DILLON, Judge.
*334 The State appeals from an order granting Defendant's motion to suppress evidence obtained *619 subsequent to his arrest for driving while impaired. For the reasons stated below, we reverse and remand for further proceedings consistent with this opinion.
I. Background
On the morning of 11 June 2016, a trooper stopped Defendant's vehicle for speeding in Wilkes County. Based on his observations of Defendant, the trooper formed a belief that Defendant had consumed a sufficient quantity of alcohol to impair Defendant's faculties or his ability to safely drive a vehicle. Accordingly, the trooper placed Defendant under arrest for driving while impaired. The trooper also cited Defendant for speeding and for driving with an open container of alcohol.
*335 Defendant was convicted in district court, but he appealed to superior court for a trial de novo . In superior court, Defendant filed a motion to suppress, contending that the trooper lacked probable cause to arrest him. Following a hearing on the matter, the superior court granted Defendant's motion. The State timely appealed.
II. Analysis
On appeal, the State contends that the superior court's findings do support a conclusion that the trooper had probable cause to arrest Defendant for driving while impaired.
The State does not challenge any of the superior court's findings of fact; therefore, these findings are binding on appeal. State v. Biber , 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011). Accordingly, our standard of review is whether the superior court's findings support its conclusion that the trooper lacked probable cause to arrest Defendant.
Our Supreme Court has defined "probable cause for an arrest" as:
... a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious [person] in believing the accused to be guilty[.]
[T]he evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable [person] acting in good faith.
State v. Bone , 354 N.C. 1, 10, 550 S.E.2d 482, 488 (2001).
Here, for the reasons stated below, we conclude that the findings made by the superior court support a conclusion that the trooper did have probable cause to arrest Defendant.
Specifically, the superior court found as follows: The trooper clocked Defendant traveling at a speed of 80 miles per hour in a 65 mile per hour zone on a multiple-lane highway. As the trooper approached Defendant, Defendant was traveling in the left-hand lane (on the correct side of the road). As the trooper drew close to Defendant, Defendant abruptly moved into the right-hand lane and nearly struck another vehicle before stopping on the shoulder of the highway. During the stop, the trooper noticed a moderate odor of alcohol emanating from Defendant and observed an open 24-ounce container of beer in the cup-holder next to the driver's seat. Defendant told the trooper that he had just purchased the beer, and was drinking it while driving down the highway. Defendant admitted that he had been drinking heavily several hours before the encounter with the trooper. The trooper did not have *336 Defendant perform any field sobriety tests; but the trooper did request that Defendant submit to two Alco-sensor tests, both of which yielded positive results for alcohol.
Admittedly, the trial court also made many findings tending to show that Defendant was not driving under the influence of alcohol: He did not have glassy eyes, exhibit slurred speech, or have any issues with balancing or walking. Further, Defendant was cooperative and responsive.
It may be that the superior court's findings are not sufficient to prove Defendant's guilt or to make out a prima facie case of Defendant's guilt. But we conclude that the findings are sufficient for a "cautious" police officer to believe that Defendant was driving under the influence. Defendant admitted to drinking, had an open container in his vehicle, had alcohol on his breath, was driving fifteen (15) miles per hour over the speed limit, and made an unsafe movement almost causing an car accident when he pulled across a lane of traffic while pulling *620 over. True, Defendant's unsafe movement across a lane of traffic may have been caused by some factor unrelated to being under the influence of alcohol, such as the nervousness inherent in being pulled over by a police officer. But a "cautious" trooper could also reasonably believe that Defendant's abrupt change of lanes, nearly resulting in a collision, was caused, at least in part, by Defendant being under the influence of alcohol. Swerving alone does not give rise to probable cause, but additional factors creating dangerous circumstances may. See State v. Wainwright , 240 N.C. App. 77, 85, 770 S.E.2d 99, 105 (2015).
Therefore, though the findings might not make out a prima facie case of Defendant's guilt, the findings were sufficient to justify the trooper, acting cautiously, to arrest Defendant rather than take a chance by allowing Defendant to continue driving in his condition. See State v. Harris , 279 N.C. 307, 311, 182 S.E.2d 364, 367 (1971) ("The existence of 'probable cause[ ]' ... is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.").
In conclusion, the trial court's findings regarding Defendant's excessive speed, his abrupt unsafe movement almost resulting in a collision with another vehicle, the alcohol on his breath, the two positive readings on the portable alcohol screening test, the open container in his car, and his admission to heavy drinking just hours before-though maybe not enough to clear the "guilty beyond a reasonable doubt" hurdle necessary for a conviction where other findings tend to show that Defendant was sober-does clear the lower "probable cause" hurdle necessary for an *337 arrest as established by our Supreme Court. Bone , 354 N.C. at 10, 550 S.E.2d at 488.
III. Conclusion
The findings of the superior court support a conclusion that the trooper did have probable cause to arrest Defendant for driving while impaired. Accordingly, we reverse the order of the superior court suppressing evidence obtained as a result of the stop and remand this matter for further proceedings consistent with this opinion.
Judge CALABRIA concurs.
Judge TYSON dissents with a separate opinion.