IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-70

 No. COA20-293

 Filed 16 March 2021

 Macon County, No. 18 CRS 000220

 STATE OF NORTH CAROLINA

 v.

 MICHAEL MAYO MACKE

 Appeal by defendant from judgment entered 3 December 2019 by Judge

 William A. Wood II in Macon County Superior Court. Heard in the Court of Appeals

 24 February 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Jessica
 Macari, for the State.

 Grace, Tisdale & Clifton, P.A., by Michael A. Grace, for defendant-appellant.

 TYSON, Judge.

¶1 Michael Mayo Macke (“Defendant”) appeals from a judgment entered upon his

 guilty plea. We affirm.

 I. Background

¶2 Troopers from the North Carolina State Highway Patrol (“NCSHP”) conducted

 a checkpoint on “Depot Street” in Macon County, on the evening of 26 August 2016,
 STATE V. MACKE

 2021-NCCOA-70

 Opinion of the Court

 as a part of a statewide initiative of high-profile traffic monitoring. Officers selected

 this location on “Depot Street” because of good visibility and sufficient room for

 vehicles to safely pull off the road.

¶3 The troopers stopped every vehicle that approached to request a driver’s

 license and to observe for signs of impairment. The troopers conducted the checkpoint

 from 11:10 p.m. to 1:30 a.m. Troopers followed the procedures set forth on the

 NCSHP Checking Station Authorization Form.

¶4 Around 11:42 p.m., a black Cadillac SUV driven by Defendant approached the

 checkpoint. Trooper Jonathan Gibbs approached the vehicle to ask Defendant for his

 driver’s license. As Defendant was looking for his driver’s license another car pulled

 behind Defendant’s car. Trooper Gibbs asked Defendant to pull over to the side of

 the road to continue looking.

¶5 After pulling over, Defendant provided his driver’s license. Trooper Gibbs

 noticed “an odor of alcohol coming from [Defendant]’s breath and could see that he

 had red glassy eyes.” Trooper Gibbs asked Defendant if he had any alcohol to drink

 and Defendant responded, “he had a few about five hours ago.” Trooper Gibbs then

 asked Defendant to step out of his vehicle and go to the front right passenger’s side

 of the vehicle.

¶6 When Defendant exited the vehicle, he was unsteady on his feet and used the

 vehicle to support himself as he was walking around the vehicle. While performing
 STATE V. MACKE

 2021-NCCOA-70

 Opinion of the Court

 the Walking and Turn test, he missed placing his heel-to-toe four times and used his

 arms to balance one time on the way out; he performed the turn inconsistent with

 instructions; and, upon the return, he missed placing his heel-to-toe three times,

 stepped off the line one time, and took ten steps instead of the nine steps as

 instructed.

¶7 While performing the One Leg Stand Test, Defendant was unable “to keep his

 foot up longer than three seconds, swayed left and right while balancing, used both

 arms for balance, and was hopping.” Defendant was unable to touch the tip of his

 nose with the tip of his finger in the Finger to Nose test. Finally, while performing

 the Romberg Balance Test, Defendant swayed back and forth two or more inches and

 estimated 49 seconds instead of 30 seconds as instructed.

¶8 Trooper Gibbs reported while Defendant was in the patrol car being

 transported to jail, Defendant stated he had about $2,000 in cash on him and offered

 it to Trooper Gibbs if the officer would let him go. Defendant submitted to the Intox

 EC/IR II intoximeter, which registered a blood alcohol reading of .10.

¶9 Defendant was indicted for offering a bribe and driving while impaired on 14

 May 2018. Defendant filed a motion to suppress evidence from the checkpoint,

 arguing the checkpoint violated his Fourth Amendment rights and NCSHP

 departmental guidelines. Defendant also argued N.C. Gen. Stat. § 20-16 (2019) was

 facially invalid and violated the “fundamental right to travel”; violated “Defendant’s
 STATE V. MACKE

 2021-NCCOA-70

 Opinion of the Court

 Constitutional right to equal protection of the laws pursuant to the Privileges or

 Immunities Clause and the Equal Protection Clause, which are guaranteed by the

 Fourteenth Amendment to the United States Constitution” on 28 October 2019.

¶ 10 Defendant also filed a motion to dismiss based upon vindictive prosecution on

 18 November 2019. The trial court denied both motions. The trial court noted

 Defendant’s objections to the motion to suppress. Defendant pleaded guilty to driving

 while impaired. The charge of offering a bribe was dismissed. Defendant was

 sentenced to a term of 120 days in custody, which was suspended. He was placed on

 18 months of unsupervised probation. Defendant’s driver’s license was revoked and

 he was ordered to pay costs, fees, and fines totaling $1,085.00. Defendant appeals

 the preserved denial of his motion to suppress.

 II. Jurisdiction

¶ 11 This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 15A-979(b)

 (2019).

 III. Issues

¶ 12 Defendant argues: (1) the creation and operation of the checkpoint was not a

 valid exercise of the State’s police power; (2) N.C. Gen. Stat. § 20-16.3A violates the

 fundamental right to travel pursuant to the Privileges or Immunities Clause; (3) N.C.

 Gen. Stat. § 20-16.3A violates the Equal Protection Clause; and, (4) in light of the

 unconstitutionality of N.C. Gen. Stat. § 20-16.3A the trial court erred in denying his
 STATE V. MACKE

 2021-NCCOA-70

 Opinion of the Court

 motion to suppress.

 IV. Standard of Review

¶ 13 Our Supreme Court has held:

 The standard of review in evaluating the denial of a motion
 to suppress is whether competent evidence supports the
 trial court’s findings of fact and whether the findings of fact
 support the conclusions of law. However, when . . . the trial
 court’s findings of fact are not challenged on appeal, they
 are deemed to be supported by competent evidence and are
 binding on appeal. Conclusions of law are reviewed de
 novo and are subject to full review. Under a de novo review,
 the court considers the matter anew and freely substitutes
 its own judgment for that of the lower tribunal.

 State v. Biber, 365 N.C. 162, 167-68 712 S.E.2d 874, 878 (2011) (citations and

 quotation marks omitted).

 V. Programmatic Purpose

¶ 14 Defendant contends the checkpoint did not serve a valid programmatic

 purpose, was an invalid exercise of the State’s police power, and constituted an

 unreasonable search in violation of Defendant’s rights under the Fourth and

 Fourteenth Amendments. U.S. Const. amend. IV & XIV.

¶ 15 The Supreme Court of the United States, the North Carolina Supreme Court,

 and this Court have held the Fourth Amendment’s reasonableness standard for a

 search or seizure is to be based upon either consent or individualized suspicion. See

 Terry v Ohio, 392 U.S. 1, 20-21, 20 L. Ed. 2d 889, 905-06 (1968); State v. Williams,
 STATE V. MACKE

 2021-NCCOA-70

 Opinion of the Court

 366 N.C. 110, 116, 726 S.E.2d 161, 167 (2012); State v. Veazey, 191 N.C. App. 181,

 184, 662 S.E.2d 683, 686 (2008). The Supreme Court of the United States has

 recognized an exception to this requirement for roadside checkpoints without consent

 or an individualized suspicion, provided the purpose of the checkpoint is legitimate

 and the procedures surrounding the checkpoint are reasonable. United States v.

 Martinez-Fuerte, 428 U.S. 543, 561-62, 49 L. Ed. 2d 1116, 1130-31 (1976).

¶ 16 Our Court has held: “a checkpoint with an invalid primary purpose, such as

 checking for illegal narcotics, cannot be saved by adding a lawful secondary purpose

 to the checkpoint, such as checking for intoxicated drivers.” Veazey, 191 N.C. App. at

 185, 662 S.E.2d at 686. To evaluate the legitimacy of a checkpoint, a two-part inquiry

 is required.

¶ 17 “First, the court must determine the primary programmatic purpose of the

 checkpoint.” Id. The checkpoint must be aimed at addressing a “specific highway

 safety threat” and not for general crime control. “[C]heckpoints primarily aimed at

 addressing immediate highway safety threats can justify the intrusions on drivers’

 Fourth Amendment privacy interests occasioned by suspicionless stops.” Id. If the

 police have a general crime control aim, an individualized suspicion must exist. Id.

 (citing City of Indianapolis v. Edmond, 531 U.S. 32, 41-42, 148 L. Ed. 2d 333, 343-44

 (2000) (checkpoint with a primary purpose of finding illegal narcotics held

 unconstitutional)). The Supreme Court of the United States stated valid “specific
 STATE V. MACKE

 2021-NCCOA-70

 Opinion of the Court

 highway safety threats” to support legitimate checkpoints include finding intoxicated

 drivers, checking for valid driver’s licenses, and verifying vehicle registrations.

 Michigan State Police v. Sitz, 496 U.S. 444, 455, 110 L. Ed. 2d 412, 423 (1990);

 Delaware v. Prouse, 440 U.S. 648, 663, 59 L. Ed. 2d 660, 673-74 (1979).

¶ 18 “Second, if a court finds that police had a legitimate primary programmatic

 purpose for conducting a checkpoint, that does not mean the stop is automatically, or

 even presumptively, constitutional. It simply means that the court must judge its

 reasonableness, hence, its constitutionality, on the basis of the individual

 circumstances.” Veazey, 191 N.C. App. at 185-86, 662 S.E.2d at 686-87 (citation

 omitted). A court must weigh “[(1)] the gravity of the public concerns served by the

 seizure, [(2)] the degree to which the seizure advances the public interest, and [(3)]

 the severity of the interference with individual liberty.” Id. at 186, 662 S.E.2d at 687

 (citing Illinois v. Lidster, 540 U.S. 419, 427-28, 157 L. Ed. 843, 852-53 (2004)).

¶ 19 The State presented testimony of Troopers Jonathan Gibbs and David

 Williams at the hearing on the motion to suppress. They testified they and several

 other officers conducted a traffic checkpoint with the prior approval of their superior

 officer on the day of the offense. Trooper Williams testified to how the checkpoint

 was set up, the procedures and duration of the checkpoint, how the stops would be

 conducted, and why they had changed locations. During the checkpoint, a patrol car

 had its blue lights active at all times.
 STATE V. MACKE

 2021-NCCOA-70

 Opinion of the Court

¶ 20 Trooper Williams further testified how the checkpoint location changed

 approximately every thirty minutes to avoid identification of the checkpoint on the

 mobile direction application Waze. Through Troper Williams’ testimony, the State

 showed the troopers’ compliance with the NCSHP policy on traffic checkpoints, and

 the prior authorization for the checking station. This testimony was admitted into

 evidence without Defendant’s objection.

¶ 21 Based on this and other evidence presented at the hearing, the trial court

 denied Defendant’s motion to suppress. The trial court found the purpose of the

 checkpoint was “to check each driver for a valid driver’s license and evidence of

 impairment.” The trial court concluded: (1) this was a valid and constitutional

 programmatic purpose; (2) the checkpoint was subject to a detailed plan and not

 spontaneous; (3) the location and time span were reasonable; (4) the interference with

 the public was minimal; and, (5) Defendant’s rights were not violated by the manner

 in which the checkpoint was conducted.

¶ 22 Defendant asserts the troopers changing the location of the checkpoint

 throughout the evening is not a programmatic purpose. However, this change was

 planned prior to and was contained in the authorization of the plan by Trooper

 Williams’ supervisors. Unlike the facts in State v. Rose, 170 N.C. App. 284, 291-97,

 612 S.E.2d 336, 341-44 (2005), cited by Defendant, wherein officers admitted there

 was not an established plan before the checkpoint was set up and narcotics detectives
 STATE V. MACKE

 2021-NCCOA-70

 Opinion of the Court

 were involved in the operation of the checkpoint, here, the troopers stopped every

 vehicle that entered the checkpoint, as the plan outlined. No narcotics officers or

 drug dogs were present on the scene, and no drug test kits were implemented on the

 scene. Troopers moved to another location based upon a plan after a set duration.

¶ 23 Based upon the troopers’ testimony, the trial court properly determined the

 programmatic purpose of the checkpoint was to check for a valid driver’s license and

 for evidence of impairment. The court further found these purposes were valid

 programmatic purposes, which were reasonable under the circumstances. The trial

 court correctly made all requisite findings necessary to support its ultimate

 conclusion. The trial court did not err in denying Defendant’s motion to suppress on

 the basis of the checkpoint’s programmatic purpose. Defendant’s argument is

 overruled.

 VI. Right to Travel

¶ 24 Defendant argues N.C. Gen. Stat. § 20-16.3A violates the right to travel

 pursuant to the Privileges or Immunities Clause. U.S. Const. amend. XIV, § 1. Our

 Supreme Court held: “The police power of the State is broad enough to sustain the

 promulgation and fair enforcement of laws designed to restore the right of safe travel

 by temporarily restricting all travel, other than necessary movement reasonably

 excepted from the prohibition.” State v. Dobbins, 277 N.C. 484, 499, 178 S.E.2d 449,

 458 (1971) (city declaring a state of emergency and imposing a city-wide curfew with
 STATE V. MACKE

 2021-NCCOA-70

 Opinion of the Court

 specified exceptions for emergencies and necessary travel is a valid exercise of the

 police power).

¶ 25 The checkpoint at issue was established with the express purpose of finding

 and deterring traffic violations and impaired drivers, both of which are valid public

 safety concerns. This authority was established by our General Assembly in N.C.

 Gen. Stat. § 20-16.3A, which authorizes the creation of traffic checkpoints for such

 purposes. A traffic checkpoint, with a purpose to discover and deter traffic violations,

 which does not stop travel altogether and only delays travel for a few moments, does

 not violate the right to free travel. N.C. Gen. Stat. § 20-16.3A is presumed to be

 constitutional, and Defendant has failed to show a violation of his constitutional

 rights. Id.

¶ 26 The trial court did not err in holding the checkpoint did not violate Defendant’s

 constitutional right to freely travel and properly denied Defendant’s motion to

 suppress on this basis.

 VII. Equal Protection

¶ 27 Defendant argues N.C. Gen. Stat. § 20-16.3A is drafted to make it difficult to

 establish the discriminatory intent required to show a violation of the Equal

 Protection Clause. U.S. Const. amend. XIV, § 1.

¶ 28 Defendant cites N.C. Gen. Stat. § 20-16.3A(d), which provides: “The placement

 of checkpoints should be random or statistically indicated, and agencies shall avoid
 STATE V. MACKE

 2021-NCCOA-70

 Opinion of the Court

 placing checkpoints repeatedly in the same location or proximity. This subsection

 shall not be grounds for a motion to suppress or a defense to any offense arising out

 of the operation of a checking station.” N.C. Gen. Stat. § 20-16.3A(d). Defendant

 asserts N.C. Gen. Stat. § 20-16.3A(d) disallows any and all challenges to equal

 protection in violation of the Equal Protection Clause. U.S. Const. amend. XIV, § 1.

¶ 29 The previous subsection of the same statute, N.C. Gen. Stat. § 20-16.3A(c),

 provides: “Law enforcement agencies may conduct any type of checking station or

 roadblock as long as it is established and operated in accordance with the provisions

 of the United States Constitution and the Constitution of North Carolina.” Contrary

 to Defendant’s assertions, N.C. Gen. Stat. § 20-16.3A(d) allows a defendant to

 challenge a checkpoint under both the Constitution of the United States and the

 North Carolina Constitution.

¶ 30 The trial court did not err in holding the checkpoint did not violate Defendant’s

 constitutional right to equal protection of the laws and by denying Defendant’s motion

 to suppress. Defendant’s arguments are overruled.

 VIII. Constitutionality

¶ 31 Here, as before the trial court, Defendant asserts N.C. Gen. Stat. § 20-16.3A is

 unconstitutional, the checkpoint was unlawful, and the trial court erred in denying

 his motions to suppress and dismiss. As we have held the checkpoint had a valid

 programmatic purpose, the statute did not violate Defendant’s right to free travel.
 STATE V. MACKE

 2021-NCCOA-70

 Opinion of the Court

 The statute did not violate Defendant’s rights under the Privileges or Immunities and

 the Equal Protection Clauses of the Fourteenth Amendment. U.S. Const. amend.

 XIV, Defendant’s argument is dismissed.

 IX. Conclusion

¶ 32 The trial court property concluded the checkpoint had a valid programmatic

 purpose. N.C. Gen. Stat. § 20-16.3A does not violate Defendant’s right to free travel

 nor the Equal Protection Clause. The trial court properly denied Defendant’s motion

 to suppress. The judgment entered upon Defendant’s guilty plea is affirmed. It is so

 ordered.

 AFFIRMED.

 Judges COLLINS and WOOD concur.