IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-958

Filed 5 March 2024

Sampson County, Nos. 17 CRS 52091, 52092, 52094

STATE OF NORTH CAROLINA

v.

MARCUS D. GEORGE, Defendant.

Appeal by defendant from judgment entered 23 April 2021 by Judge Henry L. Stevens in Sampson County Superior Court. Heard in the Court of Appeals 10 May 2023.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Jessica Macari, for the State.*
>
> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katherine Jane Allen, for the defendant-appellant.*

STADING, Judge.

Marcus D. George ("defendant") appeals from a judgment entered after a jury found him guilty of trafficking heroin by possession, trafficking heroin by transport, possession with intent to sell or deliver heroin, possession with intent to sell or deliver cocaine, and resisting a public officer. At sentencing, defendant admitted his habitual felon status. For the reasons below, we hold no error.

## I.    Background

On 27 July 2017, Lieutenant Bass ("Lt. Bass") of the Sampson County Sheriff's Office observed a vehicle speeding seventy miles per hour in a fifty-five mile per hour zone. Lt. Bass initiated a traffic stop and approached to find defendant in the driver's seat with a passenger in his vehicle. Lt. Bass requested defendant for his license and registration. As defendant searched for his registration, Lt. Bass noticed him "moving around a lot inside the vehicle" and "shaking very nervously." According to Lt. Bass, defendant "would never make eye contact" or "look [his] way." While at the vehicle, Lt. Bass saw "what appeared to be marijuana residue" on the passenger side floorboard and could smell "a faint odor of marijuana coming from the vehicle."

Eventually, the passenger found defendant's registration in the glovebox, a location defendant had previously checked. Lt. Bass returned to his patrol car and called for backup. Deputy Wilkes arrived on the scene while Lt. Bass completed the "registration check." To ensure officer safety, Deputy Wilkes asked defendant to exit the vehicle and conducted a pat-down to check for weapons. During the pat-down, defendant "was moving around" and "kept trying to turn around." Meanwhile, Lt. Bass attempted to produce a printed citation, but his computer and printer lost power. Consequently, defendant received a verbal warning for speeding. Defendant responded to the verbal warning by disputing Lt. Bass's description of the events leading up to the traffic stop.

Upon returning defendant's driver's license and registration, Lt. Bass asked

defendant if there were "any illegal drugs inside the vehicle," to which defendant responded, "no." Lt. Bass asked for consent to search the vehicle, but defendant refused. "At that time," Lt. Bass informed defendant that he "would be conducting a free-air sniff with [his canine] around the vehicle" and instructed the passenger to exit the vehicle before performing the search. When the passenger door was opened, Lt. Bass verified the substance on the floorboard was "marijuana stems, residue." Then, the canine alerted to the presence of narcotics at the driver's door. A search of the vehicle led to the discovery of, among other things, marijuana and "a small plastic baggy containing a white powder." During the search, defendant "seemed . . . agitated . . . and . . . was pacing back and forth[.]" Thereafter, Lt. Bass attempted to arrest defendant, but he pulled away, fought, and reached for his waistband. Then, defendant put something in his mouth, which turned out to be a baggie containing an "off-white rock substance." Once defendant was handcuffed, another baggie, which contained a brown powder, was located on the ground nearby.

Defendant was indicted for numerous drug offenses, among them trafficking heroin, possession with intent to sell or deliver heroin, possession with intent to sell or deliver cocaine, maintaining a vehicle for the purpose of keeping or selling cocaine and heroin, and possession of testosterone and marijuana. He also faced charges of destroying evidence and resisting a public officer. Additionally, defendant was indicted for the status offense of habitual felon. On 31 August 2018, defendant filed a pretrial motion to suppress evidence obtained from the traffic stop. His motion

alleged that the search was "without a search warrant, probable cause, consent, exigent circumstances or any other exception to the warrant requirement." The trial court conducted a suppression hearing and accepted evidence in the form of testimony from Lt. Bass, a video tendered by the State, and two photographs tendered by defendant. At the conclusion of the hearing, the trial court denied defendant's motion.

Defendant's trial began on 19 April 2021 in Sampson County Superior Court. The State chose not to prosecute defendant for the charges of possession of testosterone, possession of marijuana, possession of marijuana paraphernalia, and destroying evidence. At the close of all evidence, the trial court dismissed the charge of maintaining a vehicle to keep or sell a controlled substance. Following deliberations, the jury found defendant guilty of trafficking heroin, possession with intent to sell or deliver heroin, possession with intent to sell or deliver cocaine, and resisting a public officer. Defendant admitted to his habitual felon status and was sentenced by the trial court. Thereafter, defendant entered his notice of appeal in open court.

## II. **Jurisdiction**

This Court has jurisdiction over this appeal pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2023).

## III. **Analysis**

Defendant presents two issues on appeal: (1) whether the trial court made

findings of fact to support its conclusion of law that the stop was lawfully extended, and (2) whether the trial court erred in denying defendant's motion to suppress. Below, we address each of defendant's arguments.

### A. <u>Standard of Review</u>

"A trial court's ruling on a motion to suppress is afforded great deference upon appellate review as it has the duty to hear testimony and weigh the evidence." *State v. Cobb*, 381 N.C. 161, 164, 872 S.E.2d 21, 25 (2022) (citations omitted). Our review of the trial court's order is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). Left unchallenged on appeal, findings of fact are "deemed to be supported by competent evidence and are binding on appeal." *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011). Conclusions of law are reviewed de novo. See Cobb, 381 N.C. at 164, 872 S.E.2d at 25; *see also State v. Faulk*, 256 N.C. App. 255, 262, 807 S.E.2d 623, 628–29 (2017).

### B. <u>The Trial Court's Order</u>

Defendant argues that the trial court failed to make sufficient findings of fact to support its conclusion of law that the traffic stop was not unconstitutionally prolonged. He erroneously contends that only four findings of fact contained in the trial court's order address the contested conclusion of law:

> [D]efendant stood at the window of [Lt.] Bass's patrol car. [Lt.] Bass told [ ] defendant he would issue a speeding citation and defendant said he was going down a hill and [Lt.] Bass told him he was not.
>
> The power failed on [Lt.] Bass's computer and he returned defendant's license and registration.
>
> [Lt.] Bass requested consent to search and defendant said no.
>
> [Lt.] Bass utilized his [canine] to conduct a free air sniff of defendant's vehicle and the [canine] gave a positive alert for the odor of narcotics to the seam of the driver's door near the handle.

Furthermore, defendant maintains that these findings are incomplete and do not support the challenged conclusion of law.

Defendant does not clearly contest the findings of fact but claims they are incomplete. In an abundance of caution, we first carefully review the record to evaluate those findings of fact. During the suppression hearing, Lt. Bass testified that after returning to his patrol car, he planned to issue defendant a citation for speeding, but the power failed for his computer and printer. Hence, Lt. Bass gave defendant a verbal warning instead, and defendant took this opportunity to explain that he was traveling downhill. In disagreement, Lt. Bass retorted that defendant was not going downhill when clocked on the radar. As he returned the driver's license and registration, Lt. Bass asked about the presence of illegal drugs and requested to search the vehicle. Defendant denied the presence of illegal drugs and declined the request to search his vehicle. Then the canine, already present on the scene with Lt.

Bass, performed a "free-air sniff" around defendant's vehicle. The canine "alerted to the odor of narcotics" at the driver's door. To the extent defendant challenges these findings of fact, we hold that they are sufficiently supported by competent evidence.

Defendant contends that the foregoing findings of fact fail to support the challenged conclusion of law for the reasons that (1) they imply that the stop was not over because Lt. Bass was still taking action related to the purpose of the stop, and (2) they omit the bulk of the events which occurred when the stop was unconstitutionally extended. Therefore, defendant claims that this matter must be remanded for the trial court to clarify its findings of fact and conclusion of law regarding the extension of the traffic stop. As a preliminary matter, we note that since the challenged findings of fact are adequately supported by competent evidence, all of the findings contained in the trial court's order are conclusively binding on appeal. *See State v. Biber*, 365 N.C. at 168, 712 S.E.2d at 878; *see also State v. Byrd*, 287 N.C. App. 276, 279, 882 S.E.2d 438, 440 (2022) (holding that unchallenged findings of fact are binding on appeal). Significant here and discussed in greater detail below, defendant overlooks the unchallenged finding contained in the trial court's order that "[Lt.] Bass observed marijuana residue on the passenger floorboard and could smell the faint odor of marijuana." This observation was made while the mission of the traffic stop was ongoing, during Lt. Bass's initial approach of defendant's vehicle and before returning to his patrol car with defendant's registration. The trial court's order also included an unchallenged finding that Lt.

Bass had worked in crime interdiction since 2003. Moreover, several unchallenged findings in the trial court's order described defendant's nervous behavior and peculiar movements. As explained in the following section, our de novo review examining the constitutionality of the traffic stop's extension shows that the challenged legal conclusion is adequately supported by the findings of fact.

## C. Extension of the Traffic Stop

Defendant maintains that the trial court erred in both denying his motion to suppress and determining that the traffic stop was not unconstitutionally prolonged. Specifically, defendant challenges the legal sufficiency of the trial court's conclusion "that the stop was not prolonged and [Lt.] Bass had probable cause to search the defendant's vehicle based on his observation of marijuana residue on the passenger floorboard and faint odor of marijuana." Citing *Rodriguez v. United States*, defendant maintains that the traffic stop ended when his license and registration were returned, and the required reasonable suspicion to extend the stop did not exist. 575 U.S. 348, 135 S. Ct. 1609 (2015).

"Under Rodriguez, the duration of a traffic stop must be limited to the length of time that is reasonably necessary to accomplish the mission of the stop . . . unless reasonable suspicion of another crime arose before that mission was completed[.]" *State v. Bullock*, 370 N.C. 256, 257, 805 S.E.2d 671, 673 (2017) (emphasis added) (citing *Illinois v. Caballes*, 543 U.S. 405, 407, 125 S. Ct. 834, 836 (2005)). And "investigations into unrelated crimes during a traffic stop, even when conducted

- 8 -

without reasonable suspicion, are permitted if those investigations do not extend the duration of the stop." *Id.* at 258, 805 S.E.2d 674. In any event, extending a traffic stop is permissible if law enforcement finds a reasonable articulable suspicion of criminal activity that justifies further delay of the stop's conclusion. *See id.* at 257, 805 S.E.2d 673; *see also State v. Heien*, 226 N.C. App. 280, 286, 741 S.E.2d 1, 5 (2013) ("Once the purpose of the stop has been addressed, there must be grounds which provide a reasonable and articulable suspicion in order to justify further delay."). The threshold for reasonable articulable suspicion of criminal activity requires only "a minimal level of objective justification, something more than an unparticularized suspicion or hunch." *State v. Campbell*, 359 N.C. 644, 664, 617 S.E.2d 1, 14 (2005) (internal quotation marks and citation omitted). "A court must consider the totality of the circumstances—the whole picture in determining whether a reasonable suspicion . . . exists." *Id.* at 664, 617 S.E.2d at 14 (internal quotation marks and citation omitted).

While waiting for defendant to produce his registration, Lt. Bass smelled a faint odor of marijuana and saw what he believed to be marijuana residue on the floorboard of the vehicle. Defendant disputes the veracity of this evidence, but upon "examining the trial court's order, we do not 'reweigh the evidence and make our own factual findings on appeal, a task for which an appellate court like this one is not well suited.'" *State v. Rodriguez*, 371 N.C. 295, 319, 814 S.E.2d 11 (2018) (quoting *State v. Corbett*, 376 N.C. 799, 822, 855 S.E.2d 228, 245 (2021)). Invoking this Court's

ruling in *State v. Parker*, defendant argues that the scent of marijuana alone cannot "establish criminal activity of another substance" since it smells "indistinguishable" from hemp, which is legal in North Carolina. 277 N.C. App. 531, 540, 860 S.E.2d 21, 28 (2021); *see also* N.C. Gen. Stat. § 106-568.50 (2023) (The Industrial Hemp Act). While this case is not wholly inapplicable, it does not support defendant's position. In *State v. Parker*, this Court was called on to assess "whether the trial court's order correctly determined that the search of Defendant's vehicle was supported by probable cause." 277 N.C. App. at 538, 860 S.E.2d at 27. In any event, no decision was made as to "whether the scent or visual identification of marijuana alone remains sufficient to grant an officer probable cause to search a vehicle" since law enforcement "had more than just the scent of marijuana to indicate that illegal drugs might be present in the car." *Id.* at 541, 860 S.E.2d at 29. Even under the probable cause standard, the United States Supreme Court has noted that it "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13, 103 S. Ct. 2317, 2335 (1983).

Here, the question before us requires not a determination of probable cause but consideration of whether the sight or smell of this substance meets the less demanding standard of reasonable suspicion, required to extend the traffic stop beyond the length of time that is reasonably necessary to accomplish its mission. *See Rodriguez v. United States*, 575 U.S. 348, 135 S. Ct. 1609; *see also State v. Bullock*, 370 N.C. 256, 258, 805 S.E.2d 671, 674 (2017) ("The reasonable suspicion standard is

"a less demanding standard than probable cause" and a "considerably less [demanding standard] than preponderance of the evidence." (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S. Ct. 673 (2000)). Extension of the stop must be supported by reasonable suspicion, a determination which "need not rule out the possibility of innocent conduct." *United States v. Arvizu*, 534 U.S. 266, 277, 122 S. Ct. 744, 753 (2002). And even where "the conduct justifying the stop [is] ambiguous and susceptible of an innocent explanation," "officers [may] detain the individuals to resolve the ambiguity." *Illinois v. Wardlow*, 528 U.S. at 125, 120 S. Ct. at 677.

Defendant posits that the sight or smell of marijuana does not permit the extension of a traffic stop and seeks to analogize this matter with this Court's decision in *State v. Cabbagestalk*, 266 N.C. App. 106, 113-14, 830 S.E.2d 5, 10-11 (2019) (holding that an officer lacked reasonable suspicion to stop the defendant for driving while impaired, in violation of N.C. Gen. Stat. 20-138.1 (2023), after observing the defendant drinking a beer and driving a car two hours later without any evidence of impairment). However, a comparison of the facts and alleged crimes of each case reveal that defendant's position is untenable. The driving while impaired statute states, in relevant part: "A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State: (1) While under the influence of an impairing substance; or (2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more. . . ." N.C. Gen. Stat. § 20-138.1. The facts of

Cabbagestalk displayed insufficient reasonable suspicion as to one element of the alleged crime. The applicable drug statute states, in relevant part: "Except as authorized . . . it is unlawful for any person . . . [t]o possess a controlled substance." N.C. Gen. Stat. § 90-95 (2023). And marijuana remains a controlled substance under N.C. Gen. Stat. § 90-94 (2023). In contrast to the impaired driving case, the trial court's order contains findings of fact that address all elements of the alleged crime. Thus, we next consider whether the contested conclusion, undergirded by the trial court's findings, survives constitutional demands.

Similar to this Court's decision in *State v. Teague*, we find the analyses of the federal courts of North Carolina instructive. 286 N.C. App. 160, 179, 879 S.E.2d 881, 896 (2022) (discretionary review denied *State v. Teague*, 385 N.C. 311, 891 S.E.2d 281 (2023)). When addressing the higher standard of probable cause, the United States District Court for the Eastern District of North Carolina noted that "the smell of marijuana alone . . . supports a determination of probable cause, even if some use of industrial hemp products is legal under North Carolina law. This is because 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.'" *United States v. Harris*, No. 4:18-CR-57-FL-1, 2019 U.S. Dist. LEXIS 211633, at *9 (E.D.N.C. Dec. 9, 2019) (quoting *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317 (1983)). The United States District Court for the Western District of North Carolina has taken a similar approach when addressing the defendant's claim that "the alleged contraband found in his vehicle could have been legal hemp not

marijuana. . . ." *United States v. Brooks*, No. 3:19-CR-00211-FDW-DCK, 2021 U.S. Dist. LEXIS 81027, at \*10 (W.D.N.C. Apr. 28, 2021). There, the court concluded that "even with the social acceptance of marijuana seeming to grow daily, precedent on the plain odor of marijuana giving law enforcement probable cause to search has not been overturned." *Id.* at \*13. Moreover, when considering an analogous issue, the United States Court of Appeals for the Fourth Circuit held that a glass stem pipe in plain view, which "may be put to innocent uses" provided sufficient probable cause to search a vehicle. *United States v. Runner*, 43 F.4th 417, 423 (4th Cir. 2022). The court held that "[d]espite the increased use of glass pipes to ingest legal substances such as CBD oil, it is still reasonable that a police officer would reach the belief that a glass pipe was evidence of a crime supporting probable cause." *Id.* at 422.

As this Court determined in *State v. Teague*, "[t]he passage of the Industrial Hemp Act, in and of itself, did not modify the State's burden of proof at the various stages of our criminal proceedings." 286 N.C. App. at 179, 879 S.E.2d at 896. Thus, our de novo review of this matter leads us to conclude that the traffic stop was not unlawfully extended, and the trial court did not err in concluding the same. Considering the totality of the circumstances, there was at least "a minimal level of objective justification, something more than an unparticularized suspicion or hunch" of completed criminal activity—possession of marijuana. *State v. Campbell*, 359 N.C. at 664, 617 S.E.2d at 14. We hold that the stop of defendant was not extended in contravention of his constitutional rights. Therefore, the trial court did not err in

denying defendant's motion to suppress, and this assignment of error is overruled.

## IV. Conclusion

The trial court properly denied defendant's motion to suppress. For the reasons set forth above, we hold that (1) to the extent defendant challenges the trial court's findings of fact, they are adequately supported by competent evidence, (2) the trial court made sufficient findings of fact to support the challenged conclusion of law, and (3) the trial court did not err in denying defendant's motion to suppress and determining that the traffic stop was not unconstitutionally prolonged.

NO ERROR.

Chief Judge DILLON and Judge COLLINS concur.