An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-754

Filed 15 April 2026

Catawba County, No. 24CR000360-170

STATE OF NORTH CAROLINA

v.

JENNIFER SUE WRIGHT, Defendant.

Appeal by defendant from judgment entered 20 March 2025 by Judge Donald R. Cureton in Catawba County Superior Court. Heard in the Court of Appeals 10 March 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Sean K. Lloyd, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender David S. Hallen, for defendant-appellant.*

DILLON, Chief Judge.

The present appeal arises from an order revoking the probation of Defendant Jennifer Wright entered after expiration of her probationary term. Defendant argues the trial court lacked authority to revoke because it failed to meet requirements under N.C.G.S. § 15A-1344(f)(3) to demonstrate good cause and state good cause for

revocation after expiration. The State concedes the court did not make the required finding but argues the proper remedy is to remand for compliance with § 15A-1344(f)(3). For the following reasons, we vacate and remand.

## I. Background

On 6 February 2023, Defendant pleaded guilty to two counts of attempted trafficking of methamphetamine and was given a suspended sentence of 14 to 26 months imprisonment with 24 months of supervised probation. Before the expiration of the probationary term, the State filed written violation reports alleging multiple violations, including that Defendant had committed new criminal offenses. On 20 March 2025 (shortly after Defendant's probation term had expired) after a hearing on the matter, the trial court revoked Defendant's probation and activated her sentence of 14 to 26 months.

## II. Analysis

The sole issue before us on appeal is whether the trial court had authority to revoke Defendant's probation *after* the probationary term expired, where the court failed to make the requisite "good cause" finding. Indeed, under N.C.G.S. § 15A-1344(f)(3), the trial court may only revoke a defendant's probation after the probation term has expired if certain conditions are met, including that "[t]he trial court finds for good cause shown and stated that the probation should be [ ] revoked."

The State concedes that the trial court failed to make a "good cause" finding as required under § 15A-1344(f)(3). However, the parties disagree as to the proper

remedy. Defendant seeks to reverse, contending there was no evidence offered at the revocation hearing by the State to support a good cause finding. The State, however, contends such evidence was offered and that, therefore, the matter should be remanded for the trial court to have the opportunity to make a finding regarding whether the State met its burden of showing "good cause".

The standard of review for whether a trial court violated a statutory mandate is reviewed de novo. *State v. Mackey,* 209 N.C. App. 116, 120 (2011). Under de novo review, this Court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal. *State v. Biber,* 365 N.C. 162, 168 (2011).

Our Supreme Court has established that, to comply with § 15A-1344(f)(3), the trial court must expressly find that good cause exists; that is, "good cause" cannot simply be inferred from the record. *State v. Morgan,* 372, N.C. 609, 616–17 (2019). Thus, a trial court must "make an additional finding of 'good cause shown and stated' to justify the revocation of probation even though the defendant's probationary term has expired." *Id.* at 317.

Our Supreme Court has instructed that a "vast variety of circumstances" may support such a finding meaning whether to find good cause rests within the discretion of the trial court. *State v. Geter,* 383 N.C. 484, 494 (2022). In circumstances in which a trial court fails to find good cause, two remedies are made available to an appellate court: (1) vacate; or (2) vacate and remand. *Morgan,* 372 N.C. at 617.

We have held that "good cause" is shown where, prior to the expiration of the

probation period, the defendant was notified of her violations and the State has made "reasonable efforts" to have a revocation hearing held. *See State v. Lytle*, 287 N.C. App. 657, 659 (2023) (remand is permitted where the record contains "sufficient evidence to permit the necessary finding of 'reasonable efforts' by the State to have conducted the probation revocation hearing earlier").

Here, the record shows Defendant had committed a new drug crime and a probation violation report was filed a year prior to the expiration of the 24-month probation period. The record shows several months prior to the expiration of the probation period, the State filed another report that Defendant had tested positive for drugs. The record also shows the revocation hearing had been set several times prior to the expiration of the probation period, Defendant had been granted continuances in the past, and Defendant failed to show for one of those hearings.

We, therefore, conclude there was sufficient evidence from which the trial court could find the State had made reasonable efforts to schedule a revocation hearing prior to the expiration of Defendant's probation and, therefore, there was sufficient evidence from which the trial court could make the requisite "good cause" finding. Accordingly, we vacate the trial court's order and remand with instructions for the trial court to consider and make findings as to whether the State met its burden of showing good cause.

VACATED AND REMANDED.

Judges ZACHARY and COLLINS concur.

Report per Rule 30(e).