STATE OF NORTH CAROLINA v. JOHN MICHAEL ROGERS, Defendant-Appellant

No. COA96-8

(Filed 5 November 1996)

### 1. Searches and Seizures § 77 (NCI4th)— detaining defendant for Alco-sensor test—reasonable, articulable suspicion of crime

An officer had a reasonable, articulable suspicion that defendant was committing the crime of driving while impaired in his presence and thus properly detained defendant for an Alco-sensor test where defendant stopped his vehicle in an intersection after being directed to turn by the officer; the officer approached defendant's vehicle and engaged in a short conversation with defendant; and the officer detected a strong odor of alcohol on defendant's breath.

**Am Jur 2d, Searches and Seizures § 75.**

### 2. Automobiles and Other Vehicles § 834 (NCI4th)— driving while impaired—probable cause for arrest

An officer had probable cause to arrest defendant for driving while impaired where defendant stopped his vehicle in an intersection after being directed to turn by the officer; the officer approached defendant's vehicle, engaged in a short conversation with defendant, and detected a strong odor of alcohol on defendant's breath; the officer administered an Alco-sensor test to defendant which revealed an alcohol concentration of .13; the officer arrested defendant; and a subsequent Intoxilyzer test indicated that defendant's alcohol concentration was .11.

**Am Jur 2d, Automobiles and Highway Driving §§ 296 et seq.**

### 3. Automobiles and Other Vehicles § 813 (NCI4th)— Alco-sensor test—results inadmissible—basis for probable cause

Though the arresting officer's failure to administer a second Alco-sensor test, in violation of N.C.G.S. § 20-16.3(b), may have rendered the evidence inadmissible at trial, there was no prohibition against the results of this test being used by the officer to form probable cause.

Am Jur 2d, Automobiles and Highway Driving §§ 296 et seq.

Driving while intoxicated: duty of law enforcement officer to offer suspect chemical sobriety test under implied consent law. 95 ALR3d 710.

4. **Automobiles and Other Vehicles § 115 (NCI4th); Constitutional Law § 172 (NCI4th)— driver's license revoked—DWI conviction—no double jeopardy**

Revocation of defendant's driver's license under N.C.G.S. § 20-16.5 and subsequent conviction of DWI under N.C.G.S. § 20-138.1 did not violate the prohibition against double jeopardy.

Am Jur 2d, Automobiles and Highway Driving §§ 137 et seq.

Appeal by defendant from judgment entered 13 September 1995 by Judge Peter M. McHugh in Iredell County Superior Court. Heard in the Court of Appeals 9 September 1996.

*Attorney General Michael F. Easley, by Associate Attorney General Reuben F. Young, for the State.*

*Knox, Knox, Freeman & Brotherton, by Allen C. Brotherton, for defendant-appellant.*

JOHNSON, Judge.

On 25 August 1994, defendant was arrested and charged with driving while impaired (DWI) in violation of section 20-138.1 of the North Carolina General Statutes. On 9 November 1994, defendant pled guilty to DWI in Iredell County District Court. Thereafter, on 18 November 1994, defendant gave notice of appeal to superior court for trial *de novo*. On 16 January 1995, defendant filed and served a motion to suppress all of the evidence obtained subsequent to his allegedly illegal seizure and arrest. This motion came on for hearing at the 11 September 1995 criminal session of Iredell County Superior Court before Judge Peter McHugh.

The evidence presented at the hearing on defendant's motion to suppress was as follows: On 25 August 1994, Trooper J. S. Fox of the North Carolina Highway Patrol was directing traffic at the intersection of Brawley School Road and Stutts Road in Iredell County. Trooper Fox and other officers were diverting traffic from the area of a hostage situation. Using hand signals, the trooper was directing

traffic to turn left onto Stutts Road from Brawley School Road. During this time, several drivers stopped their vehicles to speak to the officers as they did not know the direction in which they needed to travel.

At approximately 10:10 p.m., Trooper Fox observed defendant's 1993 Buick vehicle approaching the intersection where the trooper was stationed. Instead of turning left as directed by Trooper Fox, defendant stopped his vehicle in the intersection. Consequently, the trooper approached defendant's vehicle and noticed that defendant was its sole occupant. Notably, defendant contends that he stopped in the intersection to speak with Trooper Fox about the direction in which he needed to travel. Trooper Fox approached defendant's vehicle, and engaged in short conversation with defendant, during which he noted a strong odor of alcohol on defendant's breath. As a result, the trooper directed defendant to drive to the shoulder of the roadway and defendant complied. Subsequently, the trooper administered an Alco-sensor test, arrested defendant, and transported him to the Iredell County Jail, where an Intoxilyzer test indicated that defendant's alcohol concentration was .11. After hearing the evidence and arguments of counsel, the trial court found that Trooper Fox had lawfully detained and searched defendant, and denied defendant's motion to suppress.

Immediately thereafter, this case came on for trial before a duly empaneled jury. At the close of all of the evidence, defendant made a motion to dismiss the charge, contending that the criminal prosecution was a violation of the constitutional prohibitions against double jeopardy. This motion was also denied. The trial court, in giving its instruction to the jury, instructed the jury on the issue of whether defendant had an alcohol concentration over the legal limit, since the trial court found that evidence was insufficient as a matter of law to find him mentally or physically impaired. The jury found defendant guilty and the trial court imposed a Level 5 impaired driving sentence with a twelve month sentence of probation. Defendant appeals.

On appeal, defendant assigns as error the trial court's denial of his motion to suppress on two grounds: (1) the evidence was the product of an illegal seizure made without reasonable, articulable suspicion; and (2) the evidence was a product of an illegal arrest made without probable cause. We cannot agree.

[1] The Fourth Amendment to the United States Constitution guarantees citizens the right to be secure from unreasonable searches and

seizures. The Fourth Amendment is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *State v. Watkins,* 337 N.C. 437, 441, 446 S.E.2d 67, 69 (1994). The protections of the Fourth and Fourteenth Amendments extend to investigatory detentions of vehicles. *Id.* at 441, 446 S.E.2d at 69-70. A law enforcement officer may, however, make a brief, investigative stop of a vehicle if he is led to do so by specific, articulable facts giving rise to a reasonable suspicion of illegal activity. *Id.* at 441, 446 S.E.2d at 70; *United States v. Brignoni-Ponce,* 422 U.S. 873, 45 L. Ed. 2d 607 (1975); *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889 (1968)). The United States Supreme Court explained the "reasonable suspicion" standard in *Alabama v. White*:

> Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause. . . . Reasonable suspicion, like probable cause, is dependent upon both the content of information possessed by police and its degree of reliability. Both factors—quantity and quality—are considered in the "totality of the circumstances—the whole picture," that must be taken into account when evaluating whether there is reasonable suspicion.

496 U.S. 325, 330, 110 L. Ed. 2d 301, 309 (1990) (citations omitted).

North Carolina General Statutes section 15A-977(f) requires that the trial court make findings of fact and conclusions of law when ruling upon a motion to suppress. N.C. Gen. Stat. § 15A-977(f) (1988). These findings of fact are conclusive and binding upon appellate courts if supported by competent evidence. *State v. Jordan,* 120 N.C. App. 364, 462 S.E.2d 234, *disc. review denied,* 342 N.C. 416, 465 S.E.2d 546 (1995).

In the instant case, the trial court made the following pertinent findings of fact:

> (1) That defendant was seized "at the time that Trooper Fox requested him to pull off of the shoulder of the road after the initial confrontation between the two of them." Until that point the trooper was engaged in a public safety function. "He had no intention and no purpose to stop [defendant's] vehicle, no purpose to confront [him]."

(2) That at the point that the trooper requested defendant to pull onto the shoulder of the road, the trooper had both an articulable suspicion and probable cause to believe that a misdemeanor offense was being committed in his presence.

(3) That defendant was the sole occupant of a vehicle that was in operation on a public highway in this State.

(4) That the evidence is "uncontroverted of a strong odor of alcohol, and . . . in and of itself, under these circumstances, is grounds for probable cause."

Looking at the totality of the circumstances, we find adequate evidence to support the trial court's findings of fact that Trooper Fox had a reasonable, articulable suspicion to believe that defendant was committing a crime in his presence—driving while impaired.

[2] We must now address defendant's contention that Trooper Fox did not possess probable cause to arrest him. "To be lawful, a warrantless arrest must be supported by probable cause." *State v. Zuniga*, 312 N.C. 251, 259, 322 S.E.2d 140, 145 (1984). " 'Probable cause for an arrest has been defined to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. . . .' " *Id.* (citations omitted) (quoting *State v. Shore*, 285 N.C. 328, 335, 204 S.E.2d 682, 687 (1974). This standard requires " 'less than evidence which would justify . . .' conviction." *Id.* at 261, 322 S.E.2d at 146 (quoting *Brinegar v. United States*, 338 U.S. 160, 175, 93 L. Ed. 1879, 1890 (1949)). In making the determination as to whether probable cause exists, one must examine the attenuating facts and circumstances of each case. *Id.* This Court explained a trial court's function in making this determination in *In re Gardner*,

> In determining whether probable cause exists in any particular case, it is the function of the trial court, if there be conflicting evidence, to find the relevant facts. Such factual findings, if supported by competent evidence, are binding on appeal. However, whether the facts so found by the trial court or shown by uncontradicted evidence are such as to establish probable cause in a particular case, is a question of law as to which the trial court's ruling may be reviewed on appeal.

39 N.C. App. 567, 571, 251 S.E.2d 723, 726 (1979), *quoted in Moore v. Hodges*, 116 N.C. App. 727, 730, 449 S.E.2d 218, 220 (1994).

STATE v. ROGERS

[124 N.C. App. 364 (1996)]

In the instant case, the facts were uncontroverted that defendant was operating a motor vehicle on a public highway in North Carolina on 25 August 1994, when he encountered a traffic diversion at the intersection of Brawley School Road and Stutts Road; that he stopped his vehicle in the middle of that intersection to speak with Trooper Fox as he was uncertain as to which direction he needed to go; that he held a brief conversation with the trooper, during which the trooper detected a strong odor of alcohol about defendant's person; that the trooper directed defendant to pull over to the shoulder of the roadway; that the trooper administered but one Alco-sensor test before arresting defendant; and that defendant was subsequently administered an Intoxilyzer test which indicated that his alcohol concentration was .11, in excess of the .08 legal limit.

After hearing the evidence and arguments of all of the parties involved, the trial court found and concluded that not only did the trooper have a reasonable, articulable suspicion to detain defendant, but that the trooper also had probable cause to arrest defendant. The trial court found that under the circumstances presented herein, the strong odor of alcohol alone was sufficient to furnish the trooper with probable cause. The trial court particularly noted, "it is a rare case where that sole manifestation of impairment is presented as purported grounds to support probable cause," but stated that the reason for his finding in this case hinged upon the fact that defendant initiated the contact with the trooper while driving while impaired in the instant case. Significantly, the trial court declined to include any findings as to the Alco-sensor test given to defendant before defendant's arrest, as such was rendered invalid under section 20-16.3 of the General Statutes which requires that two sequential screening tests be administered, and Trooper Fox only administered the Alco-sensor test once at the scene.

[3] We find that the trial court properly denied defendant's motion to suppress as there was adequate evidence to support the trial court's finding that the trooper had probable cause to believe that defendant was driving while impaired. While defendant references Atkins v. Moye, 277 N.C. 179, 176 S.E.2d 789 (1970), and State v. Gurley, 257 N.C. 270, 125 S.E.2d 445 (1962), in support of his argument to the contrary, these cases are distinguishable as herein there is evidence from which a reasonable, cautious police officer could find that defendant had been or was committing a crime in his presence. The facts indicate that the trooper, in this case, did not rely solely on the odor of alcohol in finding probable cause to arrest defendant. The trooper,

who had been trained and was experienced in methods of detecting signs of intoxication, had an opportunity to observe defendant stop in the intersection, spoke with him, and smelled a strong odor of alcohol about his person. At this time, the trooper administered an Alco-sensor test which revealed an alcohol concentration of .13. That the trooper failed to administer a second Alco-sensor test, in violation of section 20-16.3(b) of the General Statutes, may not rob him of the probable cause that these facts and circumstances furnished him. There is no prohibition against the results of this test being used by the officer to form probable cause, although this evidence may not have been admissible at trial. As the trooper possessed both a reasonable, articulable suspicion and probable cause to believe that a crime was being committed in his presence, defendant's seizure and consequent arrest were lawful and the trial court properly denied defendant's motion to suppress.

[4] Finally, defendant assigns as error the trial court's denial of his motion to dismiss because his prosecution violated the prohibition against double jeopardy. Notably, defendant failed to include the order revoking his driver's license entered by the magistrate in the Record on Appeal, but asks that we exercise our discretion and allow this order to be appended to the record. However, assuming *arguendo* we do as defendant requests, defendant is still without relief, as our Supreme Court found in *State v. Oliver*, 343 N.C. 202, 470 S.E.2d 16 (1996), that revocation of one's driver's license under North Carolina General Statutes section 20-16.5 and subsequent conviction of DWI under section 20-138.1 does not violate the prohibition against double jeopardy. *Id.* Accordingly, this assignment of error is overruled.

In light of the foregoing, we find that defendant received a fair trial, free from prejudicial error.

No error.

Judges LEWIS and WYNN concur.