# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2928

_____

United States of America,

  Appellee,

v.

Marilyn Henderson,

  Appellant.

\* 
\* 
\* 
\*  Appeal from the United States
\*  District Court for the Northern
\*  District of Iowa.
\* 
\*  [PUBLISHED]
\* 

_____

Submitted: December 11, 2006
Filed: December 28, 2006

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

A confidential informant told police that he had bought drugs from Marilyn Jean Henderson at her apartment. Officer Chip Joecken applied for a search warrant on October 1, 2004. Iowa judge Fae Hoover-Grinde issued the warrant that day. On October 7, police searched Henderson's apartment, finding marijuana, drug paraphernalia, and a rifle. On her person, they found more marijuana and two canisters of crack cocaine. The district court[1] denied a motion to suppress all this evidence.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

After a bench trial, Henderson was convicted of possessing a firearm both as a felon and as a drug user, in violation of 18 U.S.C. § 922(g)(1), (3). She appeals.

The Fourth Amendment requires that all search warrants be "supported by Oath or affirmation." Judge Hoover-Grinde did not sign the jurat verifying that Officer Joecken swore that the information in the application was true. The officer did sign the application itself, and the judge signed the warrant. Officer Joecken waited six days after the warrant issued before searching the apartment.

At the suppression hearing – thirteen months after the warrant issued – neither the officer nor the judge remembered if the officer was sworn. Officer Joecken testified that he had presented about 50 warrants and had always been sworn. Judge Hoover-Grinde testified that she had reviewed 15 to 20 warrants, and had always required officers to swear to the accuracy of the application. The application begins: "Being duly sworn, I, the undersigned . . . ." An attachment to the application describes Officer Joecken as "sworn" and repeatedly as the "affiant." The warrant begins: "Based on sworn application made to the Court, I have found . . . ."

The district court found that Officer Joecken was sworn. Henderson contests this finding, and asserts that the district court erred by admitting evidence of the officer's and the judge's routine practices at the suppression hearing. She also argues that the warrant is defective without the judge's signature on the jurat.

"When considering a suppression order, we review the district court's factual findings for clear error and review de novo its conclusion about whether the Fourth Amendment was violated during the search." *United States v. Sledge*, 460 F.3d 963, 966 (8th Cir. 2006). Ample evidence supports the conclusion that Officer Joecken was sworn. The officer testified that he had been sworn every time he applied for a search warrant; the judge testified that she routinely required officers to be sworn. The warrant, the application, and the attachment all indicate that Officer Joecken was

sworn. *Compare United States v. Brooks*, 285 F.3d 1102, 1105-06 (8th Cir. 2002). The court's factual finding was not clearly erroneous.

At most, the judge made a "clerical error" in this case, which does not affect the validity of the warrant. *See United States v. Smith*, 63 F.3d 766, 768-69 (8th Cir. 1995). According to Henderson, the recent case of *Groh v. Ramirez*, 540 U.S. 551, 563 (2004), means that such errors invalidate the warrant. *Groh* held that the *Leon*[2] good-faith exception does not apply where a "cursory reading" of the paperwork reveals that the warrant is patently defective. *Id.* at 564. The *Groh* case, however, addresses an "obviously deficient" warrant. *Id.* at 558. In this case, Henderson attacks only the jurat to the application. The warrant here is not obviously deficient.

Finally, Henderson argues that the testimony of Judge Hoover-Grinde and Officer Joecken regarding their normal practices does not qualify as "habit or routine practice evidence" under Federal Rule of Evidence 406. Thus, Henderson argues, the district court erred in admitting this evidence at the suppression hearing to support the factual finding that the officer was sworn.

Admission of evidence at a suppression hearing is reviewed for abuse of discretion. *United States v. Taylor*, 106 F.3d 801, 803 (8th Cir. 1997). But "the rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence." *United States v. Matlock*, 415 U.S. 164, 172-73 (1974) (discussing Fed. R. Evid. §§ 104(a), 1101(d)); *see also United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("[T]he interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself. At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.").

_____

[2] *United States v. Leon*, 468 U.S. 897, 922 (1984) (Evidence is admissible when seized by an officer who reasonably and in good faith acts on a defective warrant issued by a neutral and detached magistrate.).

In accordance with *Matlock* and *Raddatz*, the district court was not bound by Federal Rule of Evidence 406 at the suppression hearing.  The court did not abuse its discretion in considering the judge's and the officer's testimony as to their routine practices.

The judgment of the district court is affirmed.

_____