An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-269

NORTH CAROLINA COURT OF APPEALS

Filed:  6 January 2015

STATE OF NORTH CAROLINA

v.                                   Durham County
                                     No. 12 CRS 61669
MARGARET K. SEWELL

Appeal by the State from order entered 3 October 2013 by Judge Carl R. Fox in Durham County Superior Court.  Heard in the Court of Appeals 27 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Joseph L. Hyde, for the State.*
>
> *Kimberly P. Hoppin, for defendant-appellee.*

CALABRIA, Judge.

The State appeals, pursuant to N.C. Gen. Stat. § 15A-979 and § 15A-1445, from an order granting Margaret K. Sewell's ("defendant") motion to suppress evidence gathered after her arrest and dismissing the offense of driving while impaired ("DWI").  We affirm in part and reverse in part.

## I. Background

On the evening of 16 November 2012, the North Carolina

State Highway Patrol ("NCSHP") conducted a checkpoint on University Drive at the entrance to Forest Hills Park in Durham, North Carolina. The checkpoint's primary purpose was to check for DWI offenses. Sergeant Maurice Devalle ("Sgt. Devalle") supervised the checkpoint, which was conducted pursuant to a written authorization form and NCSHP policy. In addition, the checkpoint was marked by patrol vehicles with their blue lights activated, troopers participating in the checkpoint wore reflective vests and held flashlights, and every car that approached the checkpoint was checked.

Shortly after midnight on 17 November 2012, defendant, driving a Toyota sport utility vehicle with one passenger, approached the checkpoint. When NCSHP Trooper Jeremy Doston ("Trooper Doston") requested defendant's license and registration, he detected a strong odor of alcohol emanating from defendant's vehicle. Although Trooper Doston observed that defendant's eyes were red and glassy, her speech was not slurred, and she retrieved her license and registration without difficulty. Defendant initially denied drinking alcohol that evening, but later admitted to drinking a glass of wine.

Trooper Doston requested that defendant exit her vehicle and perform a series of field sobriety tests. Trooper Doston observed that defendant exhibited no clues of intoxication on

either the "One-Leg Stand" test or the "Walk and Turn" test. However, defendant displayed six out of six clues on the horizontal gaze nystagmus test ("HGN test"). In addition, defendant performed two Alco-sensor breath tests, both of which indicated that defendant's breath tested positive for the presence of alcohol. As a result, defendant was arrested and charged with DWI.

Defendant subsequently pled guilty to DWI in Durham County District Court. On 16 May 2013, the trial court sentenced defendant to sixty days in the custody of the Sheriff of Durham County, suspended defendant's sentence, and placed her on unsupervised probation for twelve months. Defendant appealed to Durham County Superior Court for a trial *de novo*.

On 11 August 2013, defendant filed a pretrial motion to suppress all evidence gathered after the stop of her vehicle and after her arrest. After a hearing, where both Trooper Doston and Sgt. Devalle testified, the trial court entered an order on 3 October 2013 granting defendant's motion to suppress and dismissed defendant's DWI offense. The State appeals.

## II. Motion to Suppress

"In evaluating a trial court's ruling on a motion to suppress . . . the trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the

evidence is conflicting." *State v. Allen*, 197 N.C. App. 208, 210, 676 S.E.2d 519, 521 (2009) (citation omitted). Findings not challenged on appeal are deemed supported by competent evidence and are binding on appeal. *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011). "Conclusions of law are reviewed de novo[.]" *Id.*

As an initial matter, since the State does not challenge the trial court's findings, they are binding on appeal. *Id*. Neither party contests the validity of the checkpoint on appeal. Rather, the State argues that the trial court erred in granting defendant's motion to suppress because the totality of the circumstances indicate that Trooper Doston had probable cause to arrest defendant for DWI. Therefore, we must determine whether Trooper Doston lacked probable cause to arrest defendant, and whether the trial court properly granted defendant's motion to suppress.

"Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *State v. Teate*, 180 N.C. App. 601, 606-07, 638 S.E.2d 29, 33 (2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 244 n.13, 76 L.Ed.2d 527, 552 n.13 (1983)). "Probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances strong in themselves to

warrant a cautious man in believing the accused to be guilty." *Id*. at 607, 638 S.E.2d at 33 (citation omitted). "Whether probable cause exists to justify an arrest depends on the 'totality of the circumstances' present in each case." *State v. Sanders*, 327 N.C. 319, 339, 395 S.E.2d 412, 425 (1990), *cert. denied*, 498 U.S. 1051, 112 L.Ed.2d 782 (1991).

The State relies in part upon *State v. Rogers*, 124 N.C. App. 364, 477 S.E.2d 221 (1996), *superseded by statute as stated in State v. Overocker*, ___ N.C. App. ___, 762 S.E.2d 921, (2014), to support its argument that Trooper Doston had probable cause to arrest defendant for DWI. In *Rogers*, the defendant stopped his vehicle in the middle of an intersection to ask the trooper directing traffic for directions. *Id*. at 366, 477 S.E.2d at 222. The trooper detected a strong odor of alcohol on the defendant's breath, and administered one Alco-sensor test before arresting the defendant. *Id*. The trial court denied the defendant's motion to suppress. *Id*. On appeal from his DWI judgment, this Court held that while the trooper failed to administer the Alco-sensor test twice, as required by statute, the trooper did not rely solely on the odor of alcohol. *Id*. at 369-70, 477 S.E.2d at 224. This Court concluded there was adequate evidence to support a finding of probable cause to arrest the defendant. *Id*. The trooper not only had the

opportunity to consider the defendant's .13 Alco-sensor test result,[1] but also to observe and speak with the defendant. *Id.* at 370, 477 S.E.2d at 224. Therefore, the trial court properly denied the defendant's motion to suppress. *Id.*

The facts in the instant case are distinguishable from *Rogers*. The defendant in *Rogers* initiated contact with the arresting officer by stopping the vehicle he was driving in the middle of the intersection, and the trooper detected a strong odor of alcohol emanating from the defendant, who was the sole occupant of the vehicle. In the instant case, defendant was stopped at a checkpoint, had not displayed any bad driving or violated any motor vehicle laws, and the strong odor of alcohol that Trooper Doston detected was emanating from defendant's vehicle, not from defendant, who was accompanied by a passenger.

According to the trial court's findings in the order regarding defendant's motion to suppress, Trooper Doston observed defendant's red, glassy eyes and defendant exhibited six of six clues on the HGN test, as well as positive results for the presence of alcohol on defendant's two Alco-sensor breath tests. However, Trooper Doston did not testify that

---

[1] The statutory language that allowed the arresting officer in *Rogers* to consider the numerical reading of the Alco-sensor test was superseded by statute as noted in *State v. Overocker*, ___ N.C. App. ___, ___, 762 S.E.2d 921, 929 (2014). *See* N.C. Gen. Stat. § 20-16.3(d) (2013).

defendant herself was the source of the odor of alcohol. The trial court also found that defendant's speech was not slurred, she retrieved and provided Trooper Doston with her driver's license and registration without any difficulty or delay, and she was steady on her feet when Trooper Doston requested that she exit her vehicle. In addition, defendant followed Trooper Doston's instructions at all times, and was polite, cooperative, and respectful to him during their encounter. The trial court further found that defendant exhibited no clues of intoxication on the "One-Leg Stand" and "Walk and Turn" tests. The trial court concluded, "[t]he facts and circumstances known to Trooper Dotson [sic] as a result of his observations and testing of the Defendant were *insufficient*, under the totality of the circumstances, to form an opinion in the mind of a reasonable and prudent man/officer that there was probable cause" to believe defendant had committed the offense of DWI, and granted defendant's motion to suppress.

The trial court's unchallenged findings, based upon the totality of the circumstances, show that the circumstances were not strong enough in themselves to warrant probable cause. Since there was no probable cause to support defendant's arrest, and the trial court's findings support its conclusions of law,

we therefore hold that the trial court properly granted defendant's motion to suppress.

### III. Motion to Dismiss

The State also argues that the trial court erred in granting a motion to dismiss. We agree.

> The granting of a motion to suppress does not mandate a pretrial dismissal of the underlying indictments. The district attorney may elect to dismiss or proceed to trial without the suppressed evidence and attempt to establish a *prima facie* case. If so, a defendant may move to dismiss at the close of the State's evidence and renew his motion at the close of all evidence.

*State v. Edwards*, 185 N.C. App. 701, 706, 649 S.E.2d 646, 650 (2007) (citing N.C. Gen. Stat. § 15-173 (2005)).

In the instant case, defendant moved to suppress the evidence obtained subsequent to her arrest, and the trial court granted her motion. However, defendant's appellate counsel concedes that the record does not indicate that defendant made a motion to dismiss, and her case was still in the pretrial stage. Therefore, pursuant to *Edwards*, the State, not the trial court, had the option to either dismiss the DWI offense or proceed to trial without the suppressed evidence and attempt to establish a *prima facie* case. Therefore, the trial court erred in dismissing defendant's DWI offense.

### IV. Conclusion

Under the totality of the circumstances, the trial court properly concluded that Trooper Doston lacked sufficient probable cause to arrest defendant for the offense of DWI, and therefore correctly granted defendant's motion to suppress. However, the trial court erred in dismissing the DWI offense as a result of the pretrial motion to suppress. Therefore, we affirm the portion of the trial court's order granting the motion to suppress, but reverse the portion of the order dismissing the matter.

Affirmed in part, reversed in part.

Judges ELMORE and STEPHENS concur.

Report per Rule 30(e).