IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-182

 No. COA20-50

 Filed 4 May 2021

 Cleveland County, No. 09CRS057204

 STATE OF NORTH CAROLINA

 v.

 RONALD KEITH EZZELL

 Appeal by Defendant from judgment entered by Judge Todd Pomeroy in

 Cleveland County Superior Court. Heard in the Court of Appeals 9 February 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Yvonne B.
 Ricci, for the State-Appellee.

 Anne Bleyman for the Defendant-Appellant.

 COLLINS, Judge.

¶1 Defendant Ronald Keith Ezzell appeals from judgment entered upon a jury

 verdict of guilty of driving while impaired. Defendant argues that his conviction must

 be vacated because the trial court erred by denying his motions to suppress his arrest

 and evidence gained as a result of his arrest. Defendant contends that his

 warrantless arrest was not supported by probable cause and that the trial court was

 required to apply the rules of evidence to testimony given during the hearing on

 Defendant’s motions to suppress. We discern no error.
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 I. Factual Background and Procedural History

¶2 On 28 December 2009, Trooper Brian Theis of the North Carolina State

 Highway Patrol cited Defendant for driving while impaired, displaying an expired

 registration plate, driving while license revoked, and driving with an open container.

 On 12 October 2010, the district court found Defendant guilty of all charges; on that

 date Defendant appealed to superior court for a trial de novo.

¶3 Prior to trial in superior court, the driving while license revoked and driving

 with an open container charges were dismissed. On 18 July 2016, Defendant filed

 pretrial motions to suppress his arrest, any evidence gained as a result of his arrest,

 and any testimony by Theis concerning the administration of and interpretation of

 the Horizontal Gaze Nystagmus (“HGN”) test. The trial court heard Defendant’s

 motions and entered an order denying them that same day. In the order, the trial

 court made the following findings of fact:

 1. On December 28, 2009 at about 4:00 pm, Brian Theis, a
 then nine year veteran with the North Carolina Highway
 Patrol, was on duty and traveling East on Highway 74 (a
 public street or highway) in Cleveland County in his patrol
 car. He noticed a motor vehicle traveling in the same
 direction in front of him with an expired license plate. As
 a result he stopped the motor vehicle. Upon approaching
 the driver’s side of the vehicle, the Trooper found the
 defendant as the driver of the motor vehicle seated in the
 driver’s seat. The Trooper requested the driver’s license
 and vehicle registration from the defendant. In talking to
 the defendant the Trooper then noted a strong odor of
 alcohol coming from the defendant’s breath and person.
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

Upon noting the smell the Trooper asked the defendant if
he had consumed alcohol to which the defendant
deceptively denied any such consumption. The Trooper
then requested the defendant to submit to an alcosensor
screening test. The defendant submitted to the test and
provided two breath samples approximately five minutes
apart. The alcosensor gave positive readings on each test
for the presence of alcohol and the difference between the
two results was not greater than .02. The Trooper then
requested the defendant to exit his vehicle to which the
defendant complied. The alcosensor used by the Trooper
was in proper working order and properly calibrated at the
time.

2. Trooper Brian Theis began Highway Patrol School on
July 29, 2000. While in this training he received
instruction in field sobriety investigations which included
training in the administration of the horizontal gaze and
nystagmus test (HGN) for the detection of impairment and
the interpretation of the results from the test. During this
training Brian Theis participated in controlled alcohol
consumption testing of individuals before and after their
consumption of alcohol, including performance by him on
them of the HGN test. At the time he was being trained
and supervised by other individuals trained and
experienced in the administration and interpretation of the
results of HGN testing. Subsequent to Highway Patrol
School, Trooper Theis spent several months in the field
with an experienced Trooper for further training which
included investigations of driving while impaired cases and
the performance of various field sobriety tests including the
HGN test. Trooper Theis also has received annual
refresher training on field sobriety testing including HGN
testing. During Trooper Theis’ career as a Trooper with the
North Carolina Highway Patrol beginning in 2000 he has
conducted approximately 400 driving while impaired
investigations and administered 100 to 150 HGN tests. In
2011 Trooper Theis successfully completed the ARIDE
training which included training in the administration and
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

interpretation of HGN testing.

3. HGN testing is an accepted test for the determination of
impairment and is specifically referenced and, with certain
qualifications, approved as evidence by the Legislature in
Rule 702 of the Rules of Evidence. The premise of the
testing is the detection of noticeable involuntary
nystagmus or jerking of the eyes at certain points in the
movement of eyes which is an indicator of impairment. The
test requires an individual suspected of impairment to
follow with their eyes a stimulus being moved
approximately 12 inches in front of their face. The
stimulus is initially moved from left to right and followed
by the eyes of the individual being tested without the
individual moving their head. First the officer is looking to
see that the eyes move together with equal tracking of the
stimulus. If so the officer then proceeds with the remaining
portions of the test. Second the officer is looking for smooth
pursuit by the eyes of the stimulus. Nonsmooth pursuit or
jerking of the eyes as they move with the stimulus is an
indication of impairment and is observed as to each eye.
Third the officer checks for distinct and sustained
nystagmus when the individual’s eyes are at maximum
deviation. As the stimulus is held far to the left and then
to the right, each eye is observed for the distinct and
sustained nystagmus which if present is an indication of
impairment. Fourth the officer moves the stimulus from
center to a 45 degree angle with each eye. The onset of
nystagmus prior to reaching the 45 degree angle is an
indication of impairment. Thus there are three clues for
impairment as to each eye or six in total. HGN testing has
been found to be sufficiently reliable to be admissible in the
trial of driving while impaired in other appellate cases to
which this Court takes judicial notice.

4. Trooper Theis performed the HGN test on the defendant
with the cooperation and consent of the defendant and the
testing was performed consistent with the appropriate
methods of testing and experience of the Trooper. The
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 HGN test was performed on the defendant while the
 defendant was seated in the patrol car, however, there is
 no indication that HGN testing could not be performed in
 such a manner nor that it would affect its reliability. The
 HGN testing of the defendant revealed all six indications
 of impairment. The Trooper has also found the HGN
 testing to be reliable in the detection of impairment in
 other driving while impaired investigations conducted by
 him.

 5. Also prior to arrest the defendant referred to the Trooper
 as [ma’am] on several occasions and he had a stuttered
 speech. Based on the Trooper’s observations and extensive
 experience he formed an opinion that the defendant had
 consumed a sufficient quantity of an impairing substance
 so as to appreciably impair the mental and physical
 faculties of the defendant and placed the defendant under
 arrest for driving while impaired. There were no other
 indications of impairment prior to defendant’s arrest,
 however, no other field tests were performed as a result of
 the danger that would be posed by the high traffic area.

¶4 Based on these findings of fact, the trial court made the following conclusions

 of law:

 [T]he Trooper had reasonable and articulable grounds of
 suspicion supported by circumstances sufficiently strong in
 themselves to warrant a cautious person in the belief that
 the defendant was guilty of the offense of driving while
 impaired and thereby he had probable cause to arrest the
 defendant for driving while impaired. As a result the
 defendant’s Constitutional and statutory rights were not
 violated and the motion[s] to suppress should be denied.

 Defendant also contends that the testimony in regard to
 the HGN testing by the Trooper is inadmissible referring
 to Rule 702 of the Rules of Evidence. However, Rule 1101
 of the Rules of Evidence provides that the Rules of
 Evidence are inapplicable to probable cause hearings.
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 Therefore, Rule 702 is not applicable for determining
 admissibility for the consideration of probable cause, and
 such evidentiary determination should be left to the trial
 judge. While the Court allowed the [Trooper] to testify as
 an expert qualified in the field of the administration of
 HGN testing and the interpretation of the results for the
 detection of impairment, such labeling is somewhat
 meaningless for the determination of probable cause in
 light of the inapplicability of the Rules of Evidence to this
 proceeding. The Court in a probable cause hearing is
 required to look at the totality of the circumstances for the
 determination of probable cause. Assuming arguendo,
 however, that the requirements of Rule 702 are applicable
 from a Constitutional or statutory standpoint, the Court
 concludes for the purpose of the determination of probable
 cause that Trooper Theis had sufficient knowledge, skill,
 experience, training, and education to testify as such an
 expert and that this scientific and specialized knowledge
 assisted the Court in understanding the evidence and
 determining the facts in issue.

¶5 The case came on for trial in superior court on 11 June 2019. At trial, the

 expired registration charge was dismissed at the close of the State’s evidence. The

 trial court overruled Defendant’s objections to the evidence flowing from the arrest

 and Theis’ HGN testimony when Defendant renewed them at trial. The jury found

 Defendant guilty of driving while impaired and the trial court sentenced Defendant

 to 24 months’ imprisonment; 30 days to be served as an active sentence, and the

 remainder suspended for supervised probation. Defendant gave notice of appeal in

 open court and subsequently filed a written notice of appeal.
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 II. Discussion

 A. Applicability of the Rules of Evidence

¶6 We first address whether the rules of evidence applied during the hearing on

 Defendant’s motions to suppress. Defendant contends that the rules of evidence did

 apply to the suppression hearing, and that the trial court erred in permitting Theis

 to testify as an expert witness on HGN because he was not qualified to do so under

 Rule 702.

¶7 “An order finally denying a motion to suppress evidence may be reviewed upon

 an appeal from a judgment of conviction, including a judgment entered upon a plea

 of guilty.” N.C. Gen. Stat. § 15A-979(b) (2021). We review questions of law de novo.

 State v. Biber, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011).

¶8 The rules of evidence “apply to all actions and proceedings in the courts of this

 State” unless otherwise provided. N.C. Gen. Stat. § 8C-1, Rule 1101(a) (2016). In

 turn, Rule 104(a) provides that

 [p]reliminary questions concerning the qualification of a
 person to be a witness, the existence of a privilege, or the
 admissibility of evidence shall be determined by the court,
 subject to the provisions of [Rule 104(b)]. In making its
 determination it is not bound by the rules of evidence
 except those with respect to privileges.

 N.C. Gen. Stat. § 8C-1, Rule 104(a) (2016). Rule 1101(b) identifies specific

 “situations” in which “[t]he rules other than those with respect to privileges do not

 apply . . . .” N.C. Gen. Stat. § 8C-1, Rule 1101(b) (2016). These include “the
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 determination of questions of fact preliminary to admissibility of evidence when the

 issue is to be determined by the court under Rule 104(a).” N.C. Gen. Stat. § 8C-1,

 Rule 1101(b)(1).

¶9 Motions to suppress necessarily present preliminary questions concerning the

 admissibility of evidence: whether there is both a factual and legal basis to exclude

 the evidence at issue.1 See N.C. Gen. Stat. §§ 15A-974, -978 (2016) (detailing grounds

 on which a motion to suppress evidence may be granted). Rules 104(a) and 1101(b)(1)

 therefore “state explicitly the rules of evidence do not apply in suppression hearings.”

 State v. Ingram, 242 N.C. App. 173, 182, 774 S.E.2d 433, 440 (2015). Rules 104(a)

 and 1101(b)(1) contemplate that when faced with preliminary questions where the

 rules of evidence do not apply, “the trial court will consider any relevant and reliable

 information that comes to its attention, whether or not that information is technically

 admissible under the rules of evidence.” In re Will of Leonard, 82 N.C. App. 646, 648,

 347 S.E.2d 478, 480 (1986). The “trial court ha[s] ‘great discretion to admit any

 evidence relevant to’ the suppression hearing.” Ingram, 242 N.C. App. at 183, 774

 1 Courts in other jurisdictions have classified motions to suppress in this way. See
 Matoumba v. State, 890 A.2d 288, 293 (Md. 2006) (“[S]uppression hearings involve the
 determination of preliminary questions concerning the admissibility of evidence . . . .”);
 Granados v. State, 85 S.W.3d 217, 227 (Tex. Crim. App. 2002) (same); State v. Wright, 843
 P.2d 436, 439 (Ore. 1992) (“[A] hearing on a motion to suppress evidence involves a
 preliminary question of fact concerning the admissibility of evidence . . . .”); United States v.
 Merritt, 695 F.2d 1263, 1269 (10th Cir. 1982) (“The purpose of the suppression hearing was,
 of course, to determine preliminarily the admissibility of certain evidence . . . .”).
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 S.E.2d at 441 (quoting State v. Thomas, 350 N.C. 315, 359, 514 S.E.2d 486, 513

 (1999)). The trial court is responsible for determining the weight to be accorded to

 the evidence, Riley v. Ken Wilson Ford, Inc., 109 N.C. App. 163, 168, 426 S.E.2d 717,

 720 (1993), and in doing so may be guided by the principles underlying the rules of

 evidence, cf. State v. Nobles, 357 N.C. 433, 439, 584 S.E.2d 765, 771 (2003) (“The

 Rules of Evidence do not apply at capital sentencing proceedings; however they are

 instructive and ‘may be helpful as a guide to reliability and relevance’ in capital

 sentencing.” (citation omitted)).

¶ 10 In Ingram, defendant moved to suppress certain evidence on the grounds that

 his medical condition rendered his waiver of Miranda rights and subsequent

 statements he gave to police involuntary. Ingram, 242 N.C. App. at 174-75, 774

 S.E.2d at 436-37. At the suppression hearing, defendant called a forensic pathologist

 who had reviewed his medical records. Id. at 177, 774 S.E.2d at 437-38. When the

 pathologist sought to testify as to the contents of a nurses’ note, the trial court

 overruled the State’s hearsay objection. Id. at 177, 774 S.E.2d at 438. Following the

 hearing, the trial court suppressed certain statements made by defendant and the

 State appealed. Id. at 179, 774 S.E.2d at 439.

¶ 11 On appeal, the State argued that the trial court erred by admitting and

 considering the nurses’ note because it was hearsay. Id. at 182, 774 S.E.2d at 440.

 Rejecting the State’s argument, the Court “note[d] that Rules 104(a) and 1101(b)(1)
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

of the North Carolina Evidence Code state explicitly the rules of evidence do not apply

in suppression hearings.” Id. The Court broadly stated that “[a]s the proceeding was

a suppression hearing, the trial court was not bound by the formal rules of evidence

and acted within its discretion when it admitted the hearsay evidence.” Id. at 183,

774 S.E.2d at 441 (quotations, brackets, and citations omitted).2

 2 Ingram is in accord with cases from other states holding that, pursuant to rules

analogous to North Carolina’s Rules 104 and 1101, the rules of evidence are inapplicable to
suppression hearings. See State v. Martinez, 886 N.W.2d 256, 262 (Neb. 2016) (“[I]n a
criminal case, the rules of evidence do not apply at suppression hearings.”); State v. Shirley,
10 So. 3d 224, 228 (La. 2009) (Evidence Code “may be read to generally exempt hearings on
motions to suppress evidence from the rules of evidence except with respect to privileges”);
State v. Boczar, 863 N.E.2d 155, 159 (Ohio 2007) (“[T]he Rules of Evidence do not apply to
suppression hearings.”); State v. Woinarowicz, 720 N.W.2d 635, 642 (N.D. 2006) (“A district
court is not bound by the rules of evidence in suppression hearings.”); State v. Jiles, 663
N.W.2d 798, 807 (Wis. 2003) (“The defendant cannot prevail on an argument that the court
must apply the rules of evidence at a suppression hearing.”); Granados, 85 S.W.3d at 227
(“Because suppression hearings involve the determination of preliminary questions
concerning the admissibility of evidence, the language of the current rules indicates that the
rules of evidence (except privileges) no longer apply to suppression hearings.”); State v.
Cluley, 808 A.2d 1098, 1106 (R.I. 2002) (“In any event, the rules of evidence do not apply at
suppression hearings.”); State v. Towne, 615 A.2d 484, 493 n.1 (Vt. 1992) (“[T]he rules of
evidence do not apply to preliminary suppression hearings.”); Wright, 843 P.2d at 438
(holding that rules of evidence do not apply to suppression hearings).
 Likewise, federal circuit courts of appeal have concluded that the Federal Rules of
Evidence are inapplicable to suppression hearings. See United States v. Harmon, 742 F.3d
451, 460 n.6 (10th Cir. 2014) (“We recognize that the Federal Rules of Evidence do not apply
to suppression hearings.”); United States v. Stepp, 680 F.3d 651, 668 (6th Cir. 2012) (“The
Rules of Evidence are inapplicable . . . to the admission of evidence presented at suppression
hearings.”); United States v. Ozuna, 561 F.3d 728, 736 (7th Cir. 2009) (agreeing that the
Federal Rules of Evidence did not apply at “pre-trial admissibility hearings” such as a
suppression hearing); United States v. Henderson, 471 F.3d 935, 937-38 (8th Cir. 2006)
(holding that the rules of evidence do not apply at suppression hearings and “[a]dmission of
evidence at a suppression hearing is reviewed for abuse of discretion”); United States v.
Yousef, 327 F.3d 56, 145 (2d Cir. 2003) (overruling objection to district court’s consideration
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

¶ 12 Defendant’s argument that the trial court was required to apply the rules of

 evidence and erroneously permitted Theis’ testimony under those rules is therefore

 without merit.

¶ 13 During the suppression hearing in this case, Theis testified that he was trained

 in conducting the HGN test, had practiced it in multiple settings, and had

 administered it to Defendant consistent with his training. Theis testified that in his

 experience, HGN was accurate and a “very good tool to use for detection of impaired

 drivers.” Moreover, “our General Assembly [has] clearly signaled that the results of

 the HGN test are sufficiently reliable to be admitted into the courts of this State.”

 State v. Godwin, 369 N.C. 604, 613, 800 S.E.2d 47, 53 (2017) (citing N.C. Gen. Stat.

 § 8C-1, Rule 702(a1)). Theis’ testimony concerning the HGN test was relevant to the

 question of whether Theis had probable cause to arrest Defendant for driving while

 of an affidavit in a suppression hearing because the rules of evidence did not apply); United
 States v. Bunnell, 280 F.3d 46, 49 (1st Cir. 2002) (“The Federal Rules of Evidence, apart from
 testimonial privileges, do not apply at suppression hearings.”); United States v. Dickerson,
 166 F.3d 667, 679 n.2 (4th Cir. 1999) (“We do not mean to imply that the Federal Rules of
 Evidence are binding at a suppression hearing; they are not.”), rev’d on other grounds, 530
 U.S. 428 (2000); United States v. Hodge, 19 F.3d 51, 53 (D.C. Cir. 1994) (“The Rules of
 evidence do not generally apply to suppression hearings.”); United States v. Lee, 541 F.2d
 1145, 1146 (5th Cir. 1976) (“Rule 104(a) leaves no doubt that hearsay evidence is admissible
 in a suppression hearing to determine probable cause.”).
 While not binding on this Court, these cases provide particularly persuasive authority
 for our interpretation of North Carolina Rules 104 and 1101. See State v. Collins, 216 N.C.
 App. 249, 256, 716 S.E.2d 255, 260 (2011) (considering authority from federal courts where
 the relevant rules of evidence were in parallel).
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 impaired. Accordingly, the trial court did not abuse its discretion by considering the

 evidence during the suppression hearing.3

 B. Competent Evidence Supports the Trial Court’s Findings of Fact

¶ 14 Defendant argues that portions of Findings 1, 4, and 5 were not supported by

 competent evidence. “The standard of review in evaluating the denial of a motion to

 suppress is whether competent evidence supports the trial court’s findings of fact and

 whether the findings of fact support the conclusions of law.” Biber, 365 N.C. at

 167-68, 712 S.E.2d at 878. Unchallenged findings of fact are presumed to be

 supported by competent evidence and are binding on appeal. Id. at 168, 712 S.E.2d

 at 878.

¶ 15 Defendant contends that there was no support for the finding that Theis “noted

 a strong odor of alcohol” on Defendant’s breath and person. At the suppression

 hearing, Theis testified that his opinion on Defendant’s impairment was based on his

 “training and experience, the strong odor, the HGN testing, and the Alco-Sensor

 reading.” Theis also prepared an “Affidavit and Revocation Report” which noted a

 “strong odor of alcoholic beverage on [Defendant’s] breath . . . .” The finding

 3 Because we hold that the Rules of Evidence did not apply at the suppression hearing,

 we do not reach Defendant’s challenges to the trial court’s conclusions of law that if those
 rules applied, Theis was qualified to testify as an expert and that Theis’s “testimony was
 based upon sufficient facts and data, and was the product of reliable principles and methods,
 and that he applied the principles and methods reliably to the facts of this case for
 admissibility in this hearing.”
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 concerning a strong odor of alcohol is therefore supported by competent evidence.

¶ 16 Defendant also argues that there was no support for the finding that

 Defendant “deceptively denied” any alcohol consumption. Theis recalled that during

 the stop, he “asked [Defendant] if he had had anything to drink,” and he

 “remember[ed] [Defendant] saying he had not drank anything.” As discussed above,

 Theis testified to detecting a strong odor of alcohol on Defendant’s breath and person.

 Additionally, Theis testified that two Alco-Sensor tests on Defendant returned

 positive results. The trial court could infer from this evidence that Defendant had in

 fact been drinking an alcoholic beverage, despite his denial, and had therefore

 “deceptively denied” Theis’s question. See Balawejder v. Balawejder, 216 N.C. App.

 301, 318, 721 S.E.2d 679, 689 (2011) (“It is well-settled that when acting as the finder

 of fact, the trial court has the opportunity to observe the demeanor of the witnesses

 and determine their credibility, the weight to be given their testimony and the

 reasonable inferences to be drawn therefrom.” (quotation marks and citation

 omitted)).

¶ 17 Defendant next challenges the finding that “[t]he alcosensor used by the

 Trooper was in proper working order and properly calibrated at the time.” Defendant

 contends that this finding is unsupported because Theis testified that he “had no

 documentation the device had been properly calibrated, although such

 documentation was required by highway patrol policy.” Nonetheless, Theis testified
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 that he alone was assigned the sensor, he was responsible for calibrating it, his

 Highway Patrol district required calibration twice a month, and the sensor was

 indeed properly calibrated pursuant to this policy. Defendant also challenges the

 trial court’s findings concerning the Alco-Sensor on the grounds there was no

 competent evidence that the device had been approved as required by N.C. Gen. Stat.

 § 20-16.3(c) (2016). Theis testified, however, that the device was approved for use by

 the Department of Health and Human Services, as required by section 20-16.3(c).

 The trial court’s findings concerning the Alco-Sensor were therefore supported by

 competent evidence.

¶ 18 Defendant contends that the finding that Theis “formed an opinion that the

 defendant had consumed a sufficient quantity of an impairing substance so as to

 appreciably impair the mental and physical faculties of the defendant” is not

 supported by competent evidence. Defendant argues that Theis testified only that

 Defendant was “impaired,” not “appreciably impaired.”

¶ 19 The following colloquy occurred during direct examination of Theis:

 Q: And did you feel that prior to arrest you observed him
 for a sufficient amount of time to form an opinion
 satisfactory to yourself as to whether [Defendant] had
 consumed a sufficient quantity of some impairing
 substance that would appreciably impaired [sic] his mental
 or physical faculties or both?

 A: Yes.
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 Q: And what was your opinion?

 A: I believed that [Defendant] had consumed a sufficient
 amount of impairing substance to impair his physical or—
 physical or mental faculties or both.

 Q: And what did you base your opinion on?

 A: I based it off my training and experience, the strong
 odor, the HGN testing, and the Alco-Sensor reading.

 In context it is apparent that Theis acknowledged that “[Defendant] had consumed a

 sufficient quantity of some impairing substance that would appreciably impaired [sic]

 his mental or physical faculties or both” and that Theis’s omission of “appreciably” in

 his subsequent answer was a mere slip of the tongue. The trial court’s finding

 concerning Theis’s opinion was supported by competent evidence.

¶ 20 Defendant also challenges the finding that “no other field tests were performed

 as a result of the danger that would be posed by the high traffic area.” Theis never

 testified that he performed no other tests on Defendant beyond the HGN. Instead,

 he testified that he could not remember whether he performed other tests, and that

 it was possible that he had. This finding is not supported by competent evidence.

¶ 21 Finally, Defendant broadly challenges the trial court’s findings concerning the

 administration of and results from the HGN test. Theis testified that he was trained

 in conducting the HGN test on multiple occasions, had practiced administering it,

 Defendant agreed to take the HGN test, and he administered the test to Defendant

 consistent with his training. Theis indicated that upon administering the test to
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 Defendant, he found all six clues of impairment. Theis testified that he believed

 Defendant took the HGN test while seated in the front passenger seat of the patrol

 car. On cross examination, Theis testified that he had not received training about

 conducting the HGN test while the subject is seated, but no evidence that the test

 could not be reliably conducted in this manner was elicited. Theis testified that his

 training “proved to [him] that [HGN] was a very good tool to use for detection of

 impaired drivers” and that he found the test to be accurate. Accordingly, the trial

 court’s findings concerning the HGN test are supported by competent evidence.

 C. The Trial Court’s Findings of Fact Support its Conclusions of Law

¶ 22 Defendant argues that the trial court’s findings of fact do not support the

 conclusion of law that Theis had probable cause to arrest Defendant for driving while

 impaired and that, as a result, Defendant’s rights were not violated.

¶ 23 “To be lawful, a warrantless arrest must be supported by probable cause.”

 State v. Zuniga, 312 N.C. 251, 259, 322 S.E.2d 140, 145 (1984). “Whether probable

 cause exists depends upon ‘whether at that moment the facts and circumstances

 within [the officer’s] knowledge and of which they had reasonably trustworthy

 information were sufficient to warrant a prudent man in believing that the (suspect)

 had committed or was committing an offense.’” State v. Streeter, 283 N.C. 203, 207,

 195 S.E.2d 502, 505 (1973) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)).

¶ 24 “A person commits the offense of impaired driving if he drives any vehicle upon
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 any highway, any street, or any public vehicular area within this State . . . [w]hile

 under the influence of an impairing substance.” N.C. Gen. Stat. § 20-138.1(a)(1)

 (2009). A person is considered “under the influence of an impairing substance” where

 the person’s “physical or mental faculties, or both, [are] appreciably impaired by an

 impairing substance.” N.C. Gen. Stat. § 20-4.01(48b) (2009).

¶ 25 “[A]s this Court has held, the odor of alcohol on a defendant’s breath, coupled

 with a positive alco-sensor result, is sufficient for probable cause to arrest a defendant

 for driving while impaired.” State v. Townsend, 236 N.C. App. 456, 465, 762 S.E.2d

 898, 905 (2014) (citing State v. Rogers, 124 N.C. App. 364, 477 S.E.2d 221 (1996)). In

 Rogers, for example, the defendant stopped his car to ask for directions from a trooper

 directing traffic in an intersection. 124 N.C. App. at 366, 477 S.E.2d at 222. When

 the trooper approached, he noticed that the defendant was the sole occupant of the

 car and detected a strong odor of alcohol on the defendant’s breath. Id. The trooper

 requested that the defendant pull over and administered an Alco-Sensor test, which

 returned a positive result. Id. at 369, 477 S.E.2d at 224. We held that these

 circumstances gave rise to probable cause to arrest the defendant for driving while

 impaired. Id.

¶ 26 In the present case, the trial court found that Theis “noted a strong odor of

 alcohol coming from [Defendant’s] breath and person.” Theis conducted two Alco-

 Sensor tests using a properly calibrated device, and both samples were positive for
 STATE V. EZZELL

 2021-NCCOA-182

 Opinion of the Court

 the presence of alcohol. See N.C. Gen. Stat. § 20-16.3(d)(1) (deeming positive results

 on an alcohol screening test admissible to determine whether probable cause existed

 for implied-consent offenses such as driving while impaired). Theis also performed

 the HGN test on Defendant “consistent with the appropriate methods of testing and

 [Theis’s] experience[,]” and the testing revealed all six relevant indications of

 impairment.

¶ 27 Together, these findings of fact support the trial court’s conclusion of law that

 Theis had “reasonable and articulable grounds of suspicion supported by

 circumstances sufficiently strong in themselves to warrant a cautious person in the

 belief that [Defendant] was guilty of the offense of driving while impaired and thereby

 . . . had probable cause to arrest [Defendant] for driving while impaired.” The trial

 court did not err by denying Defendant’s motion to suppress.

 III. Conclusion

¶ 28 The trial court did not err in concluding that the rules of evidence did not apply

 to the suppression hearing. Competent evidence supported the trial court’s findings

 of fact, and the trial court’s findings of fact support the conclusion of law that there

 was probable cause to arrest Defendant for driving while impaired. The trial court

 did not err by denying Defendant’s motions to suppress.

 NO ERROR.

 Judges GORE and JACKSON concur.